## HARRIS v. PURDY.

1. The words "He swore a lie," *colloquium* of plaintiff's testimony on a trial before a justice, are actionable. Not necessary that the justice had jurisdiction of the case, or that plaintiff was duly sworn, or that the words charged him with swearing falsely in a matter material to the issue.
2. By the statute of 1824, a general verdict on good and bad counts in an action for slander, is sustained.
3. Defendant not permitted to shew that plaintiff was not a competent witness.
4. If several suits between same parties, plaintiff not required to prove to which of them *colloquium* referred.
5. Not necessary to prove malice or special damage.

THIS was a writ of error to the Circuit Court of Tuscaloosa county.

JUDGE SAFFOLD delivered the opinion of the Court.

THIS action was brought by Purdy against Harris for slander. The declaration states that a suit, Harris against Purdy and others, had been tried before John B. Moore, a justice of the peace of Jefferson county, in which Purdy had given testimony on oath, and contains a *colloquium*, concerning the suit and his evidence, in which Harris said of Purdy "He swore a lie," meaning thereby that he had committed perjury in giving his evidence. The declaration has seven counts, but in all but the fourth, the statement of the cause of action is substantially the same.

On the general issue, verdict and judgement were rendered against Harris for $2500, and he now prosecutes this writ of error.

The case has been elaborately argued, but it will be sufficient to comment on a few of the many authorities cited on both sides.

The first assignment is, that the declaration does not aver that Moore, the justice of the peace, had jurisdiction of the matter tried before him, or was authorized to administer oaths, or that Purdy was legally sworn.

By the Constitution and Laws of the State, justices of the peace are recognized as judical officers, authorized to try causes of certain descriptions, and to administer oaths. In all the counts in which the words stated would

not be actionable, without reference to the *colloquium*, the *colloquium* is of the suit which had been tried before the justice, and of the evidence given by the plaintiff on the trial, and this precludes the inference, that the defendant referred to an extra judicial oath, or to one not administered by competent authority.

*a* 2 John's R. 10.

In Ward against Clark, *a* the words were, " he has sworn falsely;" " he has taken a false oath against me in Squire Jamison's court." The Supreme Court of New York, state as a general rule, that for words making a charge of false swearing, no action lies, unless the declaration shews that they were spoken with reference to a judicial proceeding ; that as it did not appear that Jamison had authority to act judicially, or that the words were spoken in a discourse concerning a cause tried before him, they were not necessarily to be understood as conveying a charge of perjury. But here, none of the counts now under consideration, rest on the mere charge that the plaintiff had sworn falsely before the magistrate, but in all of them, the words are stated to have been spoken in a discourse, concerning the trial of the suit before the magistrate, in which the plaintiff had been sworn and had given evidence. By our statute, in such a suit, where the matter in controversy does not exceed twenty dollars, either party may, on oath, give evidence.

Second assignment. The 3d, 4th, 5th and 6th counts are insufficient, and the verdict is general.

In support of this assignment it is urged, that it does not appear that the defendant charged the plaintiff with having sworn falsely, on a matter material to the issue, and the *b* 6 John's R. 32. case M'Glaughery against Wetmore, is relied on. *b*

In that case, the words " that is false," spoken by the defendant, while the plaintiff was giving evidence on the trial of a cause, referred directly to what the plaintiff had said but the moment before. It was practicable and convenient to shew, that the particular statement, to which the imputaion referred, was material to the issue. The Court laid stress on the averment, that the evidence thus charged to have been false, was material; but did not say how the case would have stood without such averment. If the defendant, referring to the whole, instead of a particular part of the plaintiff's evidence in the cause, had charged him with false swearing, would it have been possible to prove that the allusion was to a

particular statement in such evidence. The particular allusion could be known only to the speaker. The plaintiff could not be required to prove or to aver what that allusion was. But if our opinion on this point was otherwise, the fourth count charges, that the defendant said of the plaintiff, "He has perjured himself on the trial;" stating a *colloquium* concerning the trial above mentioned. There can be no doubt that these words are in themselves actionable. The principle has frequently been recognized in England, and sometimes in the United States, that a general verdict on good and bad counts, will not sustain a judgement for the plaintiff. But this doctrine has not been uniformly maintained by the courts of either country. Some Judges have sustained it in some descriptions of action, while they have disallowed it in others. A general verdict on an indictment containing good and bad counts, appears to have been uniformly sustained.

It has long appeared to me, that this rule as to good and bad counts, was adverse to substantial justice. If there is a bad count in the declaration, a demurrer, or an application by the defendant for instructions to the jury, will afford to the defendant a convenient and effectual means of preventing a judgement against him for matter which is not a legal cause of action. But our statute of 1824, [a] " to regulate pleadings at common law," enacts " that no *cause* shall hereafter be arrested, reversed, or otherwise set aside, after verdict or judgement for any matter on the face of the pleadings not previously objected to : *Provided*, the declaration contains a substantial cause of action, and a material issue be joined thereon." and has put this question to rest in this state.

[a] Acts of 1824, page 17

The third assignment is on the matters stated in the bill of exceptions, viz: The Circuit Court rejected evidence offered by the defendant, to shew that the plaintiff was incompetent, and ought not to have been examined as a witness in the suit to which the slanderous words referred ; and refused to charge the jury, that if several suits between the same parties, were tried by the same magistrate, on the same day, the words were not actionable, unless it was proved to which of the suits they referred ; and also, refused to instruct the jury, that without proof of malice, or of injury to the plaintiff's character, he could recover only nominal damages.

30

JULY 1827.

Harris,
v.
Purdy.

The competency of the plaintiff was a question for the magistrate before whom he gave evidence. Whether he was competent or not, the defendant was responsible for having imputed perjury to him; and, in this action, an inquiry into his competency was wholly irrelevant. It is not shewn, or to be presumed, that in making the imputation, the defendant explained to which of the suits he alluded. To which ever his allusion might be, the wrong to the plaintiff was the same. If the defendant had a justification, or any other matter of defence, which would have been good by referring the words to any certain one of the suits, there could have been no difficulty in so framing his plea as to give him the benefit of all proper testimony.

As to the other points in the bill of exceptions, the words as spoken, were in themselves actionable. It was, therefore, not necessary to prove special damage. The Circuit Court appears to have charged the jury, that no other evidence of malice was required than that the defendant spoke the words under the influence of unfriendly feelings. In this there was no error. Let the judgement be affirmed.

Judge GAYLE not sitting.

SION L. PERRY, for plaintiff.

BARTON, for defendant in error.