DENNIS COMMONS *vs.* FREDERICK S. WALTERS.

*Error from Perry Circuit Court.*

———◆———

Although it is not sufficient, in an action of slander, that the words proved be tantamount to the words charged, it is sufficient that they be substantially the same.

The words, " are you not afraid as you have perjured yourself?" are held to be substantially the same with these : " you are perjured?" And these words are clearly actionable in themselves, with or without a *colloquium.*

If it be alleged, in a count in the declaration, that a particular affidavit was made, or a particular trial had before a justice of the peace, as a substantial part of the count, then the same must be proved by competent testimony, to sustain the count; but if the count merely charge that the defendant said of the plaintiff, " he swore a lie," in reference to a certain affidavit made before a justice of the peace, for the purpose of having the defendant bound to the peace ; the words are actionable, and if they, with the reference to such affidavit, be proved, the count will be thereby sustained, without further proof of the proceedings before the justice of the peace.

The plaintiff below, who is also the plaintiff in error, brought an action of slander against the defendant. The declaration contained several counts. Some of them set forth a certain proceeding before one Lowe, a justice of the peace, in which the plaintiff had made an affidavit, to bind the defendant to keep the peace ; and charged the defendant with having said, in reference to the oath that the plaintiff took, in making the affidavit, that the plaintiff swore a lie. One count charged the defendant with having said to the plaintiff, " you are perjured." It appears by the bill of exceptions, that the plaintiff offered to introduce secondary evidence of

48

the proceedings before the magistrate, Lowe. A witness was introduced, a deputy-clerk, who said he had seen such papers in the clerk's office, and that they had been handed to the solicitor. The court refused to permit secondary evidence to be given of the contents of the papers; to which refusal the plaintiff excepted. The plaintiff introduced a witness who proved that he heard the defendant say to the plaintiff, "Are you not afraid, as you have perjured yourself?" On cross examination, the witness stated, that he heard this at Lowe's on the day that Commons bound Walters to keep the peace. Another witness was introduced, who said that he was in a situation to hear all that was said on the same occasion, and all that he heard the defendant charge the plaintiff with was in reference to the proceedings before Lowe. On this statement the court instructed the jury that this evidence must be excluded; that to make any evidence good, setting forth statements made in allusion to the proceedings before Lowe, those proceedings must be produced. The plaintiff excepted to this opinion of the court, and he now contends that, in giving these opinions, the court erred.

PICKENS, for Plaintiff in error.

The court below erred, in refusing to permit secondary evidence to be given of the proceedings before the justice of the peace; and in requiring that the papers themselves should be produced. Now the principle is well settled, that secondary evidence may be given of the contents of lost papers, where a *bona fide search* has been made for them, and they have not been found.—1 *Starkie's Evidence,* 349. These papers were to have been sent to the Circuit Court; whether we have reference to the statute on the subject, or to the custom of the country: and it was proved that these papers had been there; and that they were not then to be found there. The secondary evidence, therefore, ought to have been admitted.

The other point arises from the charge of the Judge, that where words, actionable in themselves, were proved to be spoken, in reference to a proceeding before a justice of the peace, proof of the words is not admissible, without the production of the proceedings before the justice of the peace.— Now, to show that this was error, see *Starkie on Slander*, 281, and 12 *Mass, R.* 498.

Commons
vs.
Walters,

In the case before the court, as respects these actionable words, ' that the party was perjured,' we make no allusion to any particular case before a justice of the peace. As the words were actionable in themselves, implying in themselves false swearing, respecting a material point, in a judicial proceeding, they needed not to be referred to any particular trial. We prove these actionable words upon the plaintiff: the very words which we charge him to have used. But *the defendant*, below, introduces proof going to show that these words referred to a certain trial before a justice of the peace, by the name of Lowe ; and the court decides that these proceedings must be produced *by us*, or *our proof* is not admissible ! Such a decision as this is an unheard of departure from legal rules.

PECK, *contra.*

To authorise secondary evidence of the contents of papers of any kind, the existence of those papers must be shown by proof. Now, it does not sufficiently appear that these papers, said to have been lost, ever in fact existed. Besides, 1 do, not admit, and it has not been shown, that these papers were such as the justice was bound to return to the Circuit Court. Search should therefore have been made in the justice's office. But there is an attempt here to prove that these papers had been in the circuit court, and had been handed over to the solicitor. If this had been established, then the party proved too much for his purpose, unless he had proved still more. Search should have been made in the solicitor's office ; but no such search is shown.

As to the second point, it does not appear by the bill of exceptions that the testimony excluded for want of the introduction of the papers before the justice, was testimony given under the counts which contained actionable words. The words proved were, "Are you not afraid, as you have perjured yourself?" These words could not apply to the counts stating words actionable in themselves, on account of the variance. The declaration charges words like these : "You are perjured." The words proved would not sustain such a charge : the variance would be fatal—*Starkie on Slander*, 275.

ELLIS, on the same side.

Whatever may be the opinion of the court as to the law requiring a recognizance, (taken before a justice of the peace, upon an examination for breach of the peace,) to be sent up to the Circuit Court by the justice, there can be no doubt, it seems to me, that the warrant and the affidavit—and these are the papers material in the slander cause—are not required to be sent up to the Circuit Court. The office of the Circuit Court was, therefore, not the proper place to search for them. Proper search had not been made for them in the office of the justice of the peace. The court, therefore, did not err in refusing to permit secondary evidence to be given of their contents.

In regard to the second point, the counsel seems to me to make a charge for the Judge, which the bill of exceptions does not show to have been given. The first effort was made by the plaintiff below to establish these proceedings before the justice of the peace. In that he failed. He then wishes to prove statements made by the defendant, in reference to these proceedings ; and the court, very properly as I think, instruct the jury, that this cannot be allowed : that words spoken in reference to these proceedings must be excluded unless the proceedings themselves should be produced, their absence not being properly accounted for. There seems therefore to be no error in the instructions given by the court.

PICKENS, in reply.

It is not the recognizance alone which should be sent up to the Circuit Court, after such an examination before a justice of the peace as is here referred to. The basis of the proceeding, the affidavit and warrant, should go with them.

But it is said that we should have gone to the solicitor's office. Where is that ?—may it please the court. The solicitor may not live in the county ; or if he should, is his office a recognised, legal place of deposite for judicial papers ?— Certainly not.

As to what has been said in reference to the other point in the cause : If our evidence was applicable to any count in the declaration, the Judge was wrong to exclude it without a sufficient reason. No such reason was shown. In the three last counts we had introduced no *colloquium* in regard to any proceedings before a magistrate. No such *colloquium* was necessary, because the words were actionable in themselves.— But if it turned out in proof that these words were spoken in reference to some judicial proceedings, the court is surely wrong in saying, by way of instruction to the jury, that we are bound to produce these proceedings.

It is said by counsel that the words proved were not admissible as evidence under the counts for actionable words, because of the variance. The variance is not material. The case quoted from *Starkie on Slander*, does not apply. There, the charge included several material words ; and the court adjudge that you must prove the whole set. But in this case, all that is material in the words proved, is the same substantially with the words charged.—See *Starkie on Slander*, 270, 271.

But I hold that the defendant, below, has made this proof good under any of the counts : for although we were not permitted to prove any thing of the trial before the magistrate, without introducing the record, yet in regard to this proof of ours, as to the charge of perjury, the defendant asked the witness if it was not said in reference to a judicial proceeding

Commons
vs.
Walters.

before the justice of the peace, Lowe ; and the answer is, that it was—or, at least that it was on that day, and it was understood to refer to that proceeding. Here, the defendant below sets up the trial, and acknowleges the judicial proceeding ; which is all that was wanted in the first instance.

By Mr. Chief Justice SAFFOLD :

The present plaintiff brought an action of slander against the defendant, in the Circuit Court. The declaration contains seven counts—two of which only, are necessary to be particularly noticed. The first, charges a *colloquium* by the defendant, of and concerning a proceeding which had been instituted by the plaintiff against this defendant, for the purpose of having the latter recognized to keep the peace ; which complaint it is alleged had been made before, and the proceedings had by, and in virtue of the authority of Thomas Lowe, a justice of the peace. The substance of the allegation in this count is, that the defendant, speaking in reference to the *proceedings* aforesaid, and in reference to the *affidavit* made therein, and of and to the plaintiff said, " you have sworn a lie."

The fourth count, containing no *colloquium*, alleges that the defendant said of, and to the plaintiff, " you are perjured."

At the trial, the plaintiff took a bill of exceptions, which, with other matters remaining to be noticed, presents the question whether the absence of the written proceedings before the justice, was sufficiently accounted for, to authorise the plaintiff to introduce evidence of their contents, so as to connect the charge of false swearing, with those proceedings. In as much, however, as we think this case can be properly determined on a different principle, I decline an examination of this feature of it.

The bill of exceptions shows that the plaintiff produced on the trial a witness who swore that he heard the defendant say to the plaintiff, " are you not afraid, as you have perjured yourself ?" that this was at esquire Lowe's, on the day Wal-

ters was bound to the peace ; that he heard no allusion made
to the proceedings had before the justice.   But the defendant
introduced witnesses who deposed that they heard all that
was said on that occasion, and all had allusion to the judicial
proceedings had before the justice.

It also appears that in charging the jury, the Judge in-
structed them to exclude every thing uttered by the defendant
against the plaintiff, if said in reference to the proceedings
had before the justice ; that to make such imputations evi-
dence, the proceedings should have been introduced, or se-
condary evidence given of their contents, after a proper foun-
dation laid for such, which had not been done.

This charge is one of the causes assigned for error.

It is considered unnecessary to examine the other counts
in the declaration, or the question respecting the admissibili-
ty of the secondary evidence offered, as the principle of our
decision on the first and fourth counts, and the charge to the
jury, will dispose of the case for the present, and perhaps be
a sufficient indication of our opinion for the future progress
of the suit.

In reference to the fourth count, it may be remarked, that
as it charged the defendant with having imputed to the plain-
tiff the crime of "*perjury*" in its technical acceptation, it is
clearly actionable in itself, with or without a *colloquium*—in
other words, whether the reference to a judicial oath was ex-
pressed or implied ; in neither event was any production or
proof of the proceedings alluded to, necessary to sustain the
action.    On this point it is considered sufficient to refer alone
to two cases heretofore decided by this court, with the refer-
ences therein contained.

In *Lea and wife* vs. *Robinson*,[a] it was ruled, that " words
making a general charge of *perjury*, are in themselves action-
able, without proof that an oath had been taken by the plain-
tiff."    Also, in *Harris* vs. *Purdy*,[b] the allegation was—" He
has perjured himself on the trial," stating a *colloquium* con-

Commons
vs.
Walters.

[a] 1 Stew.138.

[b] 1 Stew. 231.

cerning a particular trial: we said there could be no doubt *that the words were actionable in themselves.*

But it is contended that the words proved in the count, are variant from those alleged. The words charged are, " you are perjured :" those in proof, " are you not afraid, as you have perjured yourself ?" I think the latter fully embrace the former ; and though it is not sufficient that they be *tantamount,* it is that they be in *substance the same,* and such is my construction of these.[a]

[a] Starkie on Slander, 270 to 275.

In reference to the first count, (as well as all others of the same import,) and the evidence adduced in support of them, it may be sufficient to say—if under the averment, " you swore a lie," with a *colloquium* referring the imputation to an oath taken before justice Lowe, in a proceeding instituted before him by the plaintiff, for the purpose of having the defendant bound to the peace, the words were proved *substantially* as charged, and also the reference to the judicial proceedings, this alone was sufficient to sustain the action. The law recognises the authority of a justice of the peace, on complaint duly made, to bind the suspected person to keep the peace, and a charge of false swearing, in a case of this kind, implies *perjury* no less than in any other judicial investigation. If part of this proof was made by the defendant, the effect was the same as if all had been introduced by the plaintiff. This principle was recognised in *Harris* vs. *Purdy*; so far as respects the subject of the *colloquium.* It was there held, that the words, " He swore a lie," *colloquium* of plaintiff's testimony on a trial before a justice, were actionable ; and that it was not necessary to allege or prove that the justice had jurisdiction of the case, or that the plaintiff was duly sworn, or that the false swearing was on a material point. In such case, all these are conceived to be sufficiently implied. If, however, the words are applied to a particular point, or matter sworn to, and from the nature of the subject the oath appear to be *extra judicial ;* or if the proof show it to be such ; or if the contrary be not sufficiently implied from the subject,

and manner of the imputation, then the action is not sustained, as was held in *Ward* vs. *Clark.*[a]

In the first count in this case, and in some of the others, the words having been laid with reference " to the proceedings" already described, and in reference " to the affidavit made therein," they must allude to both or to either ; and the law presumes *perjury* from false swearing in or concerning them. If the evidence of either party disclosed the contrary, the defendant was entitled to the benefit of such proof by way of instructions from the court to the jury. In this case such evidence does not appear to have been introduced ; on the contrary, it was proved that the words were used in allusion to the proceedings had before the justice.

It may however be remarked, that so far as the plaintiff, in any count, has alleged the making by himself a particular affidavit, and the holding a particular court, or judicial investigation, and has made this a substantial part of the allegations of the count, this circumstance created the necessity of his proving the same by competent evidence, before he was entitled to recover for the words, which required a *colloquium.* But this principle, in its greatest latitude, cannot apply to the *fourth* count, which charges words clearly actionable in themselves. In as much then, as the instructions of the court below, required of the jury to exclude the evidence on this count also, we think there was error, for which, at least, the judgment must be reversed, and the cause remanded.