## WILLIAMS AND WIFE v. BRYANT AND WIFE.

1. In slander, the words charged to have been spoken, or at least some of them, must be proved to have been spoken precisely as laid, and it will not be sufficient to prove the speaking of words of equivalent import.

2. The charge in the declaration, that a woman was called "a whore," is not established by proving that she was called "a strumpet."

ERROR to the Circuit Court of Talladega.

This was an action on the case by the defendants in error, for slanderous words spoken by the wife of the plaintiff in error of the wife of the defendant in error.

The words charged in the declaration are, that the wife of defendant was "a whore." The proof was, that plaintiff and defendant were making a settlement, and at its termination the latter asked the former if he was satisfied, who replied that he was, except in regard to a statement which defendant's wife had made of his wife; whereupon defendant's wife, who was present, became agitated, and observed that she had said Mrs. Bryant was a strumpet, and she still believed it.

The counsel for the defendant moved the court to charge the jury that this was not such a publication of slanderous words as would authorize a finding for the plaintiff, which charge the court refused to give, and the jury found a verdict for the plaintiff, from which this writ of error is prosecuted. The assignment of error brings to view the propriety of the charge of the Court.

CHILTON, for the defendant in error, insisted that the admission of the wife of plaintiff in error, that she had used the words imputed to her, could not be given in evidence to prove a publication. [7 Term. 112; 2 Ala. Rep. 339; 1 Philips on Ev. 81.]

The variance between the words spoken and those charged is fatal.

L. E. PARSONS, contra.

Williams and Wife v. Bryant and Wife.

ORMOND, J.—The act of February 2d, 1839, making words actionable in themselves, which impute a want of chastity to any female person in this State, will certainly support this action, either upon the words as charged in the declaration, or those proved to have been spoken.

The words charged in the declaration and those proved to have been spoken are of equivalent import, both imputing a want of chastity in the person of whom they are spoken, and if it is sufficient to prove the substance of the words charged will maintain the action.

It is stated in Buller's N. P. 5, that it is sufficient to prove the substance of the words charged, and that the strictness formerly required has been abandoned; but this is denied to be law by the more recent authorities, which hold that the words, or at least some of them, must be proved precisely as laid, and it is not sufficient to prove words of equivalent import. In *Rex* v. Berry, [4th Ter.u Rep. 217,] it was held that an indictment charging these words, " *He* is a broken down Justice," is not supported by proof of the words " *You* are a broken down Justice." An averment of words spoken affirmatively is not supported by proof of words spoken by way of interrogation. [Barnes v. Holloway, 8th Term, 150.] So in Maitland v. Goldnecy, [2 East. 434,] it is expressly laid down that it is not sufficient to prove equivalent words of slander. [See also, Harrison v. Stratton, 4th Espinasse, 218; Johnson v. Tait, 6th Binney, 121; and Walters v. Mace, 2 B. and A. 756.]

This has been the doctrine held previously in this Court, in the case of Commons v. Walters, [1 Porter, 377,] where the Court say that it is not sufficient to prove words " *tantamount* " to those charged. It is not necessary to prove all the words charged, provided such as are proved are slanderous, and all the words are not necessary to constitute the charge. As where the words charged were, " He is a maintainer of thieves and a strong thief," the word *strong* was held to be immaterial. [Dyer, 75.]

We are aware that there are cases in which the contrary doctrine has been held, but we consider the better authority to be, that the words must be proved as laid; or at least so much of the charge as will constitute the slander, and that it is not sufficient to prove words of equivalent slanderous import.

This view renders it unnecessary to consider the question of the sufficiency of the publication.

Let the judgment be reversed and the cause remanded.