# TEAGUE v. WILLIAMS.

1. A witness in an action of slander, is not permitted to make out the plaintiff's case by proving words merely equivalent in his estimation, to those he heard the defendant use; but he must state the language that was employed by the defendant according to the best of his recollection, that it may appear that the cause of action alledged, is supported by the proof.

2. Where in an action for defamatory words the defendant pleads the statute of limitations, the *onus* lies upon the plaintiff of proving that the words charged, or some of them that were actionable, were uttered within twelve months preceeding the commencement of the suit. It is not indispensable to the admission of evidence upon such an issue, for the witness to state the precise time within that period when the words were spoken, but the defendant may make his examination searching and minute upon the point.

3. The proof was, that the defendant had charged the plaintiff with swearing to a lie, before one H., a justice of the peace, of B., in a cause pending before that justice, in which the present defendant was plaintiff, and A. S. defendant; in the declaration the names of the parties to the suit, were transposed: *Held,* if the declaration referred to, and was intended to indicate the case which the witness had in view, the variance between the allegation and proof was not fatal.

4. Where the declaration charges the speaking of many slanderous words, it is competent for the plaintiff to prove that the defendant spoke some of the words charged, more than twelve months before suit brought, whether actionable in themselves, or not, for the purpose *only,* of showing *quo animo* the slanderous words proved to have been spoken within the twelve months, were uttered; and this although the statute of limitations is pleaded.

5. Where the Court rejects evidence of defamatory words, offered by the plaintiff, the defendant should not be allowed to adduce proof, that the words thus rejected were true.

6. It is competent for the defendant to prove slanderous words, such as are charged in the declaration, having been uttered by the defendant since the commencement of the action, for the purpose *only,* of showing *quo animo* the words charged were spoken.

Writ of error to the Circuit Court of Benton.

This was an action on the case, at the suit of the plaintiff in error, in which the defendant is charged with having spoken of, and concerning him, certain slanderous and defamatory words. The cause was tried on issues joined, upon the pleas

of not guilty, and the statute of limitations. On the trial, the plaintiff excepted to the ruling of the Court. It is shown, by the bill of exceptions, that the plaintiff introduced a witness, who testified, that the defendant had used the slanderous words charged in the declaration, during every year, and several times in each year, from 1840 up to the trial. The Court directed the witness to confine his evidence, of the speaking of the words, by the defendant, to the period within twelve months preceding the 5th of August, 1842, (the day on which the action commenced ;) *and further,* if he could not specifically state the language used by the defendant, and the time when, within the period defined by the Court, without reference to what was previously, or subsequently said by the defendant, his testimony could not be received. The " witness not being able to discriminate, by using the specific words, within that period, his testimony was ruled out, &c."

It was proved by another witness, that the defendant had charged the plaintiff with swearing to a lie, before one Hannah, a justice of the peace of Benton, in a cause pending before that justice, wherein, the present defendant was plaintiff, and A. Simpson, defendant. The Court charged the jury, that if the plaintiff, in describing the suit in his declaration transposed the names of the parties, by making Simpson the plaintiff, instead of the defendant, such a misdescription, was a fatal variance, although it was intended to indicate the case to which the witness referred; and, although the plaintiff, in framing his declaration, and the defendant, in uttering the slanderous words, had the same case in view.

The plaintiff also offered testimony showing, that at the trial before the justice, which was more than twelve months previous to the commencement of this action, the defendant spoke of, and concerning the plaintiff, some of the words charged in the declaration to have been uttered; this testimony was rejected, but the defendant was permitted to adduce evidence, tending to show the truth of such words, to repel the inference of malice.

In the progress of the trial, the plaintiff offered to introduce evidence of slanderous words, such as are charged in the declaration, having been uttered by the defendant, since the institution of this action, for the purpose of aggravating the damages;

but the Court refused to admit such evidence, and it was consequently rejected.

The jury returned a verdict for the defendant, and judgment was rendered accordingly.

W. B. Martin, for the plaintiff in error, made the following points: 1. *Although the statute of limitations, applying to a case like the present, is twelve months, yet it was irregular, to reject the evidence of the plaintiff's witness, because he could not state the* identical *words which the defendant uttered of the plaintiff, or the particular day within the twelve months, preceding the commencement of the suit.* 2. The plaintiff was authorized to give evidence of words spoken, not only before, but subsequent to the institution of the action, for the purpose of showing the *quo animo*, and thus aggravating the damages. [4 Phil. Ev. 246; 1 Camp. Rep. 49; 2 Id. 72; 2 Stark. Rep. 93.] 3. The transposition of the names of the parties, to the suit tried before the justice of the peace, was not such a fatal variance as warranted the rejection of evidence of the suit. [4 Phil. Ev. 236; Id. 253, note 450.] 4. *In respect to the admission of evidence, by the defendant, to prove the truth of words uttered by him, it is enough to say that there was no plea of justification, and it should therefore have been rejected.* [4 Phil. Ev. 449, 450.]

S. F. Rice, and T. A. Walker, for the defendant in error, insisted, that as the statute of limitations was pleaded, the plaintiff could not give evidence of words spoken, more than twelve months before the suit brought. Such evidence was inadmissible, even in aggravation of damages; otherwise the statute would be defeated in its effect, and the plaintiff recover for a cause of action, for which the remedy was barred. Words spoken after suit brought do not authorize a recovery, nor can they be proved for the purpose of increasing the damages. [4 Porter's Rep. 17.] *Besides*, it does not appear that the plaintiff proved any actionable words spoken, within twelve months before suit brought, and as the plaintiff did not entitle himself to recover, by proof, there could be no evidence, for the purpose merely of increasing the damages.

The ruling of the Circuit Court, in respect to the transposition of the names of the parties, in the suit before the justice of

the peace, was clearly correct. The proof did not sustain the allegation, but was materially variant.

It may have been, that the false swearing, by the plaintiff, before the justice of the peace, was not upon a material point, and therefore not perjury; if so, the defendant might have proved the truth of what he charged, without pleading a justification, when such proof was offered, for the purpose of showing, that he was not influenced by malice. The particular words, which defendant was permitted to prove to be true, do not appear. It may have been some of the words which were not actionable, and by showing the truth of which the plaintiff could not have been prejudiced. [1 Stew. Rep. 42.] If the plaintiff was permitted to show words not actionable, the defendant might oppose such proof by evidence of a want of malice on his part. [9 Porter's Rep. 195.] The improper testimony adduced by the plaintiff, may have induced the admission of evidence by the defendant, which would have been otherwise irregular. [See 6 Porter's Rep. 90; Bates v. Allen & Ryland, at the last term; 2 Pick. Rep. 310.]

COLLIER, C. J.—It was formerly held, that unless the plaintiff, in an action of slander, proved the identical words laid in the declaration, he failed to support his action; but this strictness, it is said, has been long since relaxed, and it is now sufficient, if the plaintiff proves, that the defendant spoke words *substantially* the same as those stated in the declaration. [Kennedy v. Lowry, 1 Binn. Rep. 393; Miller v. Miller, 8 Johns. Rep. 74; Grubbs v. Kyzer, 2 McC. Rep. 305; Bell v. Bugg, 4 Munf. Rep. 260.] But, although it be allowed for the plaintiff to prove words which import the same thing in substance as those, which the defendant is charged with having uttered, yet the witnesses must state, (either positively, or as near as memory will allow,) the words they heard used, and cannot be allowed to state the impression produced upon their minds, by the whole of the conversation. [Harrison v. Bevington, 8 C. & P. Rep. 708; Ney v. Otis, 8 Mass. Rep. 122; 2 Stark. Ev. 846; Fox v. Vanderbeck, 5 Cow. Rep. 513; Olmstead v. Miller, 1 Wend. Rep. 506; 4 Phil. Ev. C. & H.'s ed. 235-6; Id. note, 450; Williams and Wife v. Bryant and Wife, 4 Ala. Rep. 44; Armitage v. Danster, 4 Doug. Rep. 291.]

Thus we see that a witness is not permitted to make out the plaintiff's case by proving words merely equivalent, *in his estimation*, to those he heard the defendant use; but he must state the language that was employed, according to the best of his recollection, so that it may appear to the Court whether the cause of action alledged is supported. This much it was proper to require of the witness, and as the statute of limitations was interposed, the *onus* lay upon the plaintiff of proving that the words charged, or some of them, that were actionable, were uttered within twelve months preceding the commencement of the suit. But the witness should not have been required, as a condition of the admission of his evidence, to state the precise time within that period, when the words were spoken. This requisition, we understand from the bill of exceptions, was made in the present case. It would have been competent for the defendant to have made the examination, upon this point, as searching and minute as could have been desired; but if the witness was prepared to express the confident belief, that the facts alledged, occurred within the time to which the bar of the statute dates back, his testimony should have been admitted.

2. The transposition of the names of the parties to the suit, as a witness in which, the plaintiff was charged with having sworn falsely, is not such a variance as should have excluded the evidence. The charge alledged to have been made, was, substantially, that the plaintiff was examined as a witness in a case between those parties, which had been pending before the justice of the peace, and that, on such examination, he had sworn falsely. This allegation is substantially proved, although the relative position of the parties towards each other, is different from the statement in the declaration.

In Wiley v. Campbell, 5 Monr. Rep. 560, it was held, that an allegation, that the defendant charged the plaintiff with having sworn a lie, in a suit of B. and wife v. Campbell's heirs, will be supported by proof that the charge was made in reference to a deposition taken to support a cross bill, filed by the husband of one of the heirs, against B. and wife, and the defendant. This is a pertinent authority upon the point before us.

3. In Russell v. Macquister, 1 Camp. Rep. 49, evidence of actionable words, spoken after the time of those laid in the

declaration, was objected to, on the ground that if such words were taken into consideration by the jury, the defendant might be made to pay a double compensation for the same injury; since another action might be brought for the words last spoken. And the distinction was taken between that case and words not actionable. But Lord Ellenborough overruled the objection, observing, that though such a distinction had once prevailed, it was not founded in principle; and that, although no evidence can be given of any special damage, not laid in the declaration, yet any words, or any acts of the denfendant, are admissible, to show *quo animo*, he spoke the words which are the subject of the action. But in such case, it is said, that the judge should direct the jury to give damages only for the words which are the subject of the action. [3 Step. N. P. 2577.] But in Defries v. Davis, 7 Car. & P. Rep. 112, it was held, that evidence of the repetition of the same words, or of other words which show an *animus*, not by separate slander, but by repetition of the slander complained of, or by other words, which show the same train of thought, was admissible; but it is not allowable to show any thing that would be the subject of another action. Any thing that shows a continuance of rankling malice, on the part of the defendant, may be received.

In Wallace v. Mease, 3 Binney's Rep. 550, it was remarked, by Chief Justice Tilghman, that there was no discernable difference between words actionable, and not actionable, or between words spoken before, or after suit brought. "The subsequent words," says he, "are received as evidence, only to show the mind and intent of the defendant, when he spoke the words which are the cause of action; and the damages are, or ought to be given, solely on account of the words laid in the declaration. This should be explained to the jury, by the judge who tried the cause; and if they do their duty, they will give no damages for any words, but those in the declaration." Again, "I confess there is danger, that in fact the jury may not confine themselves to their true line of duty, and for that and other reasons I have given before, if I considered myself at liberty, I would reject all evidence of this nature. But, holding myself bound by former decisions, I must say, that the evidence in this case was properly admitted." So where words spoken

107

are actionable, it is proper to admit evidence of the same words being spoken after the action brought, to aggravate damages. [Kean v. McLaughlin, 1 Serg. & R. Rep. 469.] Words spoken more than two years before suit brought, may be given in evidence, to show malice. [Mapes v. Weeks, 4 Wend. Rep. 659.] To show *quo animo* the words charged were spoken, evidence of the defendant's conversations, relating to the original defamation, had subsequent to the commencement of the suit, are admissible. [Kennedy v. Gifford, 19 Wend. Rep. 296.]

It very clearly appears, from these citations, that it was competent for the plaintiff to adduce evidence to show, that the defendant spoke of the plaintiff, some of the words charged in the declaration, more than twelve months before the commencement of this suit; whether these words were actionable previous to the bar of the statute, is wholly immaterial. In estimating the damages, the jury should not have considered them, but they should have been regarded for no other purpose than to show, *quo animo* the slanderous words proved to have been spoken within the twelve months, were uttered. This testimony being rejected, we think the Court should not have permitted the defendant to introduce proof to show its truth, for the purpose of repelling the inference of malice; and how such evidence could be presented to the jury, without admitting that offered by the plaintiff, we are at a loss to perceive.

So the Court should have permitted the plaintiff to give evidence of slanderous words, such as are charged in the declaration, having been uttered by the defendant since the institution of the suit, for the purpose of showing *quo animo* the words charged were spoken. The law was thus ruled in Defries v. Davis, and Wallace v. Mease, cited above.

It results from what has been said, that the Circuit Court erred in the adjudication of several of the points reserved by the bill of exceptions. This is too obvious to require a more particular application of the questions considered, to the facts in the record; and without adding more, the judgment is reversed and the cause remanded.