# EASLEY v. MOSS.

1. In actions of slander, it is necessary for the plaintiff to prove some of the words, precisely as charged, but not all of them, if those proved are in themselves slanderous, but he will not be permitted to prove the substance of them, in lieu of the precise words.

2. Words spoken by an employer to his overseer, intended to protect the employer's private interests and property, but not spoken maliciously, are not actionable, although no confidence was expressed at the time of speaking, and although the same words, published under other circumstances, would be slander.

Writ of Error to the Circuit Court of Lowndes.

SLANDER by Easly against Moss, for speaking these words to his overseer: "I want you to be particular about my hogs and sheep, as Easly is in the habit of marking them, and I have lost from fifteen to twenty head of them every year since Easley has lived on the place."

At the trial, on the plea of not guilty, the plaintiff introduced a witness, who stated, that a month or two before this suit was brought, he was the defendant's overseer, and about that time the defendant said to him: "I want you to be particular about my hogs and sheep, as Easley was in the habit of marking my hogs and lambs, and I have lost from fifteen to twenty head of them by it;" and that the defendant had frequently said the same in substance to him, sometimes using the words hogs and *sheep*, and sometimes hogs and *lambs*. In reference to this evidence, the plaintiff requested the court to charge the jury, "that it is not necessary to prove the precise words charged, but it is sufficient to prove the substance of them." Which charge the court refused to give.

In reference to the same evidence, the plaintiff requested the further charge, that unless what Moss, the defendant, said to the witness, was in confidence, and so expressed at the time, the words were actionable. This was refused, and

the court charged, that if the words used as aforesaid were intended to protect the defendant's private interests and property, and not spoken maliciously, they would not be slanderous.

The plaintiff excepted to the refusal of the court to charge as asked, and to the charge given, and he now assigns the same as error.

G. W. GAYLE, for the plaintiff in error, insisted—

1. As many of the words were proved, it was proper to give the substance of the others. [Cummins v. Walters, 1 Porter, 323, 377.] Williams v. Bryant, 4 Ala. Rep. 44, will be found to lay down the same rule substantially, if the circumstances of the case are looked at. Teague v. Williams, 7 Ala. Rep. 844, is not inconsistent with either.

2. The relation between the defendant and witness, as employer and overseer, is not such as brings the slander within the notion of confidential communications. [Starkie on Slander, 209 to 212; 12 Mass. 48; 2 Starkie's Ev. 863 to 865.]

3. If the words are false, the fact that they were spoken to guard the defendant's interest is no protection. By the charge, the jury were induced to believe they must look to the *evidence* for malice and not to the words as false.

J. B. STONE, contra, cited, and relied on, Williams v. Bryant, 4 Ala. Rep. 44; Starkie on Slander, 209, 212; Starkie on Ev. 862; 2 Saunders on P. & E. 326, 329, and cases there cited.

GOLDTHWAITE, J.—1. In Williams v. Bryant, 4 Ala. Rep. 44, we considered that words precisely equivalent in meaning, would not sustain a declaration in which the words charged to have been spoken, meant the same thing. In this we merely conformed to the previous decision in Cummins v. Walters, 1 Porter, 377. We then said, it is not necessary to prove all the words charged, provided such as are proved are slanderous, and all the words charged are not essential to constitute the charge. We think the plaintiff, so far as proof of the words was concerned, might safely have

gone to the jury, under the rule as laid down in the case first cited, but the circumstance that he has failed to obtain a verdict, will not warrant us in departing from a rule which is entirely satisfactory with reference to this class of suits. The plaintiff was required to prove the precise words charged to have been spoken, though not all of them, if what he did prove were in themselves slanderous, and he will not be permitted to prove the substance of them, in lieu of the precise words. What is said in the subsequent case of Teague v. Williams, 7 Ala. Rep. 844, in the commencement of the opinion, has no reference to the point decided, but after collating the decisions of other courts, we reiterate our own rule, that the *onus* lay with the plaintiff, of proving that the words charged, or some of them that were actionable, were uttered. It is true, the words there spoken were charged as referring to a suit between the parties, in which their names were transposed, and we held this transposition made no difference, the words being the same in either event.

2. The rule with respect to communications from one person to another, of matter which, if published maliciously, would be actionable, is thus laid down by an approved writer on evidence : " Whenever it appears from the plaintiff's own showing, or in evidence on the part of the defendant, that the publication was made upon an occasion, and under circumstances, which justify a *prima facie* presumption, that notwithstanding the tendency of the words to defame or disparage the plaintiff, they were not spoken or published with that view, but on the contrary, in the *bona fide* discharge of some legal or moral duty to society, or even in the fair and honest prosecution of the rights of the party himself, or the protection of his interests, the plaintiff will fail, unless he can establish the malicious intention by extrinsic evidence." [2 Starkie Ev. 863.] The communications by an employer to his overseer, having reference to the protection and care of the property committed to his charge, are certainly entitled to be considered as confidential, and if made without malice, will not render the employer liable to an action of slander, although he may have entertained improper, or even unjust suspicions of the honesty of his neighbors, and expressed these opinions in terms which, if published under other cir-

cumstances, would, from their being unfounded, be deemed malicious. We think this question was properly left to the jury by the court.

Let the judgment be affirmed.