## Haley *v.* The State.

*Indictment for Slander of Female.*

|     |     |
| --- | --- |
| 63  | 89  |
| 100 | 32  |
| 63  | 89  |
| 128 | 25  |
| 63  | 89  |
| e138 | 104 |
| 63  | 89  |
| 142 | 294 |

1. *Plea in abatement, for misnomer; waiver of.*—A plea in abatement, regularly filed, on account of a misnomer, is waived by the subsequent interposition of a demurrer, or other pleading, which, in effect, admits that the defendant is the person charged; and when so waived, this court will not inquire into the correctness of the rulings of the court below on the plea, since they could be, at most, only error without injury.

2. *Sufficiency of indictment.*—A form of indictment being prescribed by the statute, for defamation or slander of a female (Code, § 4107; Form No. 56, p. 997), according to repeated decisions of this court, it is sufficient to follow the prescribed form.

3. *Averment of defendant's name.*—When the pleader has any doubts as to the Christian name of the defendant, it may be averred in the indictment under an *alias.*

4. *Proof of words as laid.*—Since the statute does not require the precise words spoken to be set out in the indictment, but only the substance of them, it is not necessary to prove the speaking of the very words as charged: evidence of other words, substantially corresponding with the averment, is admissible, and sufficient to support a conviction.

5. *Meaning and explanation of words used.*—When the words used are unambiguous, and of ordinary acceptation and signification, the court and jury must construe them; but. when some cant phrase, or low expression, not having an ordinary acceptation, is used, a witness may testify as to its meaning.

6. *Evidence of words defamatory of other women.*—Evidence of words defamatory of other women, though uttered in the same conversation in which the alleged slanderous words against the woman named in the indictment were used, is not relevant, nor admissible against the defendant.

FROM the Circuit Court of Lee.

Tried before the Hon. JAMES E. COBB.

The indictment in this case charged, that the defendant, "Zack, *alias* Zachariah Haley, did falsely and maliciously speak of and concerning Emma Matthews, in the presence of Robert Goins, charging her with a want of chastity, in substance as follows: that he, the said Zack Haley, had had sexual intercourse with said Emma Matthews twice; against

the peace, &c. The defendant filed a plea in abatement, duly verified by affidavit, averring that his true name was Zacary, and that he had never been known or called by any other name. To this plea the State replied, setting up as a bar the verdict and judgment upon a similar plea filed by said defendant to a similar indictment, decided on a former day of the same term of the court, as shown by the report of the case *ante*, pp. 83–88. To this replication the defendant demurred, but the court overruled the demurrer; and he then filed a rejoinder, to which a demurrer was interposed and sustained. The defendant also demurred to the indictment, assigning as causes of demurrer—1st, "because there is no allegation that Emma Matthews is a woman;" 2d, "because there is no allegation that she is a female;" 3d, "because the defendant is charged under the name of 'Zack, *alias* Zachariah Haley,' and there is no allegation that the surname of Zack is unknown;" 4th, "because the words alleged to have been spoken by this defendant are not set out literally, or according to their tenor, but only what is alleged to be their substance is set forth;" 5th, "because the words alleged to have been spoken by this defendant do not necessarily impute a want of chastity to Emma Matthews." The court overruled the demurrer, and the cause was submitted to a jury on issue joined on the plea of not guilty. The plea in abatement, the replication thereto, the rejoinder, and the demurrer to the indictment, are all marked filed on the same day; but, in the judgment-entry, the demurrer to the indictment, and the ruling of the court thereon, are set out before the plea in abatement and subsequent pleadings.

During the trial, as appears from the bill of exceptions, the defendant reserved several exceptions to the rulings of the court on questions of evidence, which will be sufficiently understood from the opinion; and he also excepted to a charge given by the court, *ex mero motu*, in these words: "Malice, in a legal sense, denotes a wrongful act intentionally done, without just cause or excuse." The court charged the jury, also, on the request in writing of the solicitor, as follows: "The jury should not captiously reject the testimony of any witness: the reasonable doubt, upon which the law authorizes an acquittal, must be actual and substantial, and growing out of the evidence on the stand: it is not a mere supposition, for every fact, depending upon moral evidence, is open to a supposed doubt." The defendant excepted to this charge, and also to the refusal of the court to give a charge asked by him, which was in writing, as follows: "It is the duty of the State to prove that substantially the same words charged in the indictment were spoken

by the defendant; and if the jury believe, from the evidence, that the defendant did not use the words charged, or substantially the words charged, then they must find the defendant not guilty, even though they may believe that he used words of similar import with those charged, and having the same meaning."

G. D. & G. W. HOOPER, and GEO. P. HARRISON, for the defendant.

H. C. LINDSEY, with the Attorney General, for the State.

BRICKELL, C. J.—A plea in abatement, because of the misnomer of the defendant, regularly precedes a demurrer, or a plea to the matter of the indictment; and is waived, if it is regularly pleaded, by the subsequent interposition of a demurrer, or other pleading, which, in effect, admits that the defendant is the person named or charged. It is not material to inquire, whether the rulings of the court on the plea in abatement, finally adjudging it insufficient, were correct or not. The court could have stricken the plea from the files, because the defendant had demurred to the indictment, and did not ask a hearing on the plea, until the demurrer was overruled; and if there was error in its rulings, there was no injury to the defendant.

2. By the common law, words impeaching the chastity of a female, not imputing an indictable offense, were not, unless followed by special damage, actionable slander.—*Berry v. Carter*, 4 St. & Port. 384.   They were rendered *per se* actionable, by a statute enacted in 1830 (Clay's Dig. 538, § 1), which is substantially re-enacted in the Code.—Code of 1876, § 2971.   A statute enacted in 1871, now forming section 4107 of the Code of 1876, converts the speaking of words, "*of and concerning any female, falsely and maliciously imputing to her a want of chastity*," into an indictable offense; and on this statute the present indictment is founded.   A form of indictment is prescribed, authorizing the setting out of the substance of the words spoken; which the pleader has pursued, and, according to repeated decisions of this court, the indictment must be pronounced sufficient in its statement of the offense.

3. Averring the name of the defendant, under an *alias dictus*, was proper, if the pleader had doubts which of the names averred was that by which the defendant was usually designated.

4. In civil actions for slander, the general rule is, that the words must be proved substantially as averred, or, at least,

[Haley v. The State.]

so much of them as may be necessary to constitute the slander. The rule is not satisfied by proof of slanderous words of equivalent import.—*Commons v. Walters,* 1 Port. 377; *Williams v. Bryant,* 4 Ala. 44; *Teague v. Williams,* 7 Ala. 844; *Easley v. Moss,* 9 Ala. 266; *Scott v. McKinnish,* 15 Ala. 662. The rule having its origin in the rule of the common law, requiring the slander to be averred, not according to its *purport,* or *effect,* or *substance,* but the *words spoken* (Townshend on Slander and Libel, § 329; Cooke on Defamation, 81), can have but a limited application to indictments founded on the statute, which are sufficient, if the substance of the words spoken is averred. And whenever the words proved in substance correspond to the averment of the indictment, and of themselves impeach the chastity of a female, without a departure from the statute, and nullifying the form of indictment authorized, evidence of them can not be excluded. The indictment avers, that the defendant, by speaking of the woman named words importing that he had with her sexual intercourse, imputed to her a want of chastity. The evidence offered was of the exact words spoken; and if these words imputed that the defendant, and not some other man, had illicit intercourse with the woman named, the averment was satisfied. There was not, and the statutory form does not intend there shall be, an averment of the precise words spoken, but simply the *substance;* and the substance is, according to the averment in this indictment, the imputation of a want of chastity, by his sexual intercourse with the female; and there could not have been a material variance, so long as the words proved were limited to his illicit intercourse with her, whatever may have been the form of expression he adopted in publishing his own and her shame.

4. The court and jury must construe the words, if they are unambiguous, and are of ordinary acceptation and signification. But slander is often uttered in some cant phrase, or in some low expression, not having an ordinary acceptation and signification; and if the slanderer chooses to adopt these, there can be no good reason for excluding proof of their meaning by a witness who knows it. In no other way could the slander be proved.—*Robinson v. Drummond,* 24 Ala. 174.

5. In the instructions given and refused, we do not find any error. But, in admitting evidence of the defendant's declarations in reference to other women, though uttered in the same conversation in which the offensive words were spoken of the female named in the indictment, there was error. It is not permissible to prove the utterance of slan-

[Coleman v. The State.]

ders in respect to other females, which may, of themselves, constitute indictable offenses, to fix or aggravate the guilt of the defendant in reference to the specific accusation made against him. These declarations were separable from the slanderous words on which the indictment was founded, and proof of them could serve no other purpose than to prejudice the defendant. The error of their admission compels a reversal of the judgment.

Reversed and remanded.