SADLER, SURVIVING PARTNER, &C. V. FISHER'S ADM'RS.

1. A plea, *puis darein continuance*, is a waiver of, and substitute for all former pleas, and must allege matter of defence arising *after issue joined.*
2. Matter which has arisen pending the suit, but before plea pleaded, is an original plea, pleadable with other pleas in bar, under the statute which allows a defendant to plead several pleas.
3. The words " payment and set off," or other brief designation of the defence, though signed by the defendant's counsel, will not be regarded as a plea ; unless the plaintiff elects to treat it as such.
4. The plaintiff moved to strike out two of defendant's pleas, and took issue on one ; the defendant moved for judgment on the pleas replied to ; the Court did not decide upon either of the motions, and the case was tried on the issue— *Held*, that as the pleas were not mere nullities, though they were demurrable, the refusal to strike them out, on motion, or to put the plaintiff to his demurrer, was an error, under our practice, of which the defendant might avail himself.

THE defendants in error brought an action of *assumpsit* against the plaintiff in error, in the Circuit Conrt of Lowndes, and declared on a promissory note, of the following tenor: " On the first day of March next, we promise to pay John Fisher, or order, eight thousand seven hundred and two seventy-three one-hundredth dollars, for value received, with interest from the first January last. February 2d, 1838."

The defendant pleaded as follows: 1st. *Non assumpsit.* 2d. Set off. 3d. That there was a contract made between plaintiff's intestate, John Fisher, the payee in the note, and the defendants. That by that contract, defendants were to pay any notes of intestate, and that should be payment on this note sued on, and that defendants have paid more than the note sued on. 4th. *Solvit ad diem.* 5th. Payment, *puis darein continuance.* 6th. *Solvit post diem.* 7th. That defendants were security for Fisher, the intestate, to the Bank at Montgomery, in a sum of ten thousand dollars, and they have, since the death of the said Fisher, paid the same.

" Pleas filed, Fall Term, 1839."

" COTTRELL & POPE, for the defendants."

" And the plaintiff moves to strike out all the pleas, but the 5th plea, as that is the plea of payment, since the last continuance; and on the 5th plea the plaintiff takes issue, and alleges

that since the last continuance, said defendant has not paid said plaintiff said note, or any part thereof, and of this he puts himself on the country."

"Replication filed, Fall Term, 1839."

DARGAN, for plaintiff.

The foregoing, is transcribed from the record in the words and figures in which it there appears.

At the Spring Term of the Circuit Court, holden in 1840, the cause was submitted to a jury, who in the judgment entry, it is said, were "sworn, well and truly to try the issue joined between the parties, &c."

On the trial, the defendant excepted to the ruling of the Court. From the bill of exceptions, it appears, that the defendant moved the Court, to enter judgment for him, on his first, second, third, fourth, sixth and seventh pleas, which were not replied to by the plaintiffs, and to which issue was not consequently taken. This motion was overruled by the Court, and the defendant excepted.

It further appears, that after the plaintiffs had read to the jury, the note declared on, the defendant proved by a witness, that while the same was in the possession of the payee, the payee agreed with the defendant and his co-partner, since deceased, that he would receive in payment of the note, good paper on third persons, and that he would also receive his own notes, bills of exchange, &c. The defendant then offered in evidence, several promissory notes of the payee, and one bill of exchange, accepted by him; all of which he proved, that he owned, while the note sued on, was in the payee's possession.

The defendant also offered to prove, that himself and co-partner, had paid to the Branch of the Bank of the State of Alabama at Montgomery, ten thousand dollars, for the plaintiff's intestate, on his own paper, for the payment of which they, (defendants) were sureties; that payment was made the 13th September, 1838: though they became the sureties of the intestate, before the note sued on was made. To the admission of this evidence, the plaintiffs objected, and the same was excluded by the Court; whereupon, the defendant excepted.

And a verdict and judgment being rendered in favor of the

plaintiffs, the defendant has prosecuted a writ of error to this Court.

J. B. CLARK, for the plaintiffs in error.
COOK, for the defendant.

COLLIER, C. J.—A plea of matter, arising since the last continuance, as it is technically called, is a waiver of, and substitute for, all former pleas. 6 Dane's Ab. 31. Stephen on Plead. 65; Kimba v. Huntington, 10 Wend. Rep. 675; Yeaton v. Linn, 5 Peters' Rep. 224; Wilson v. Hamilton, 4 Serg't & Rawle's Rep. 238. But there is a distinction as to a ground of defence, which has arisen *after* issue joined, and as to matter arising, pending the suit, but before plea. In the former case, the defendant must plead *puis darein continuance ;* in the latter, he should show that his defence arose, pending the writ, and insist that the plaintiff should not further have or maintain his action, &c. 6 Dane's Ab. 32; Yeaton v. Linn, 5 Peter's Rep. 224; Covell v. Weston, 20 Johns. Rep. 418.

In the case at bar, the defendant designated his plea, a plea of payment *puis darein continuance:* we say designated, for it is not drawn out at length; but we know that such was not its character, because there was no issue joined or plea filed, when it was pleaded. We may then consider it as an original plea, and pleadable with other pleas in bar, under our statute, which allows a defendant to plead more pleas than one.

In Covell v. Weston, 20 Johns. Rep. 414, the defendant pleaded, *non assumpsit,* and a special plea against the further maintenance of the action, of matter arising after suit brought; no objection was made to the joining of the pleas, and the latter plea was held good on demurrer.

The plaintiff might have recognized the first, second, fourth and sixth pleas, had he throught proper, but he was not obliged to do so. That question was decided in Kelly v. Owen, Minor's Rep. 252, in which the defendant pleaded thus: "Payment and set off;" after which followed the name of his counsel. The Court said: "If these words had, by consent, been received as pleas, and issues taken thereon, we should have regarded them as such."

The third and seventh pleas, would have been bad on de-

murrer, and the question now is, should the Circuit Court have put the plaintiff to his demurrer, or was it permissible to treat them as nullities.

In Thelusson v. Smyth, 5 D. & E. Rep. 152, the defendant, under an order to plead an issuable plea, put in a plea, which though informal, went to the substance; it was held, the plaintiff could not sign judgment as for want of a plea, but must demur. So in Falls v. Stickney, 3 Johns. Rep. 541, a motion was made for judgment, on the ground that the plea, which had been put in, was a nullity. The Court said, "if a plea is bad or frivolous, the plaintiff ought either to demur to it, or treat it as a nullity, and enter a default, without any application to the Court. Had the plaintiff demurred, the defendant might have obtained leave to amend, and the motion was overruled. And in Platt v. Robbins, Coleman and Cain's Cases, 85, it was moved, on behalf of the plaintiff, that judgment by default be rendered against the defendant, on the ground, that the pleas filed, were nullities. To which the Court replied: "If pleas are not palpably bad and void upon the face of them, the opposite party must resort to his demurrer. All the Court have doubts as to one plea, and some of them as to all; and therefore, the plaintiff must take nothing by his motion."

There can be no question, that both the third and seventh pleas, are demurrable; the former, for not alleging the payment of the intestate's notes to have been made at such time, as would make their payment avaliable in defence to the action; and the latter, in seeking to set off a demand, acquired subsequent to the intestate's death, without any contract to authorise it. But neither of these pleas can be regarded as nullities. True, they are eminently deficient in form; but the third plea discloses matter of substance, and we apprehend, could be amended in the particular we have mentioned. If this was done, and the proper commencement and conclusion given, we can discover no objection that could then be made to it.

We then, think the Circuit Court should, on motion of the plaintiff, have stricken out all the pleas of which he took no notice; should have put him to his demurrer to the third and seventh, or else should have given to the defendant, the benefit of the two latter. Had the Court have stricken out the pleas, or sustained a demurrer to them, the defendant might have ob-

tained leave to amend, and thus have presented his entire defence for adjudication. But the Court, disregarding the motion, both of the plaintiff and defendant, gave no judgment upon the pleadings.

The record clearly indicates, that the case was tried, under an impression by the Court, and the counsel for the plaintiff in error, that the plea of payment, *puis darein continuance*, was technically pleaded, and waived by operation of law, all other pleas. This notion, we have seen, was not well founded; the character of the plea, was not such as was supposed, and might have been interposed with other grounds of defence.

We will not say that where the defendant pleads several pleas, and goes to trial without objection, on an issue taken on one, that he can be afterwards permitted to object, that all his pleas were not disposed of: such is not the present case. No consent was given nor can it be implied; but the defendant urged the Court to a decision on his pleas.

In Bondurant, *et al.* v. Woods & Abbott, 1 Ala. Rep. N. S. 543, which was a proceeding against a sheriff and his securities, for the failure of the former to return a writ of *fieri facias*, by consent of parties, the cause was submitted to the Court for its decision, and a judgment rendered for the plaintiff. This Court intimated the opinion, that by submitting the case to the Court, the defendants had waived a demurrer which was found in the record to the notice; and as the demurrer was not sustainable, the omission to dispose of it, was not error. That case, it will be seen, has no analogy to the present, but was decided upon reasoning entirely unlike that, which must control our judgment now.

To conclude, we are of opinion, that the failure to dispose of the third and seventh pleas by the Circuit Court, was an error; and its judgment is reversed, and the cause remanded.