## PHARR & BECK v. REYNOLDS.

1. The sickness of a party to a suit, or the pendency of another suit against him requiring his attendance, will not authorize the interference of a court of chancery after judgment. It was the duty of the party to send an agent to attend to his cause, or to put his attorney in possession of the means of continuing it.

2. A court of chancery will not grant relief in the nature of a new trial at law, after judgment on a plea in abatement.

3. When Chancery has jurisdiction to state an account between parties, it will enjoin a judgment at law, obtained by the party against whom the account is prayed, if he be insolvent.

Error to the Chancery Court at Talladega.

THIS was a bill in chancery, filed by the plaintiffs in error, against the defendant in error. The bill charges, that the plaintiffs in error, kept a public house at the Talladega Springs, and employed the defendant to assist in the management of, the house, for his board, lodging and his bill at the bar, and deposited with him eight hundred dollars, to buy provisions for the house; that defendant remained four or five months, but from intoxication, was unable to attend to business, and was dismissed; that defendant did not expend more than three hundred dollars, for provisions, and is indebted to complainants for the remaining five hundred dollars.

That defendant instituted suit against complainants, in the Talladega Circuit Court, for work and labor; and complainants being residents of Wilcox county, at the return term, pleaded that fact in abatement of the suit. That complainants summoned their witnesses and sent the patents, the evidence of their freehold in Wilcox, but the witnesses did not attend, and the patents miscarried; that complainants from sickness, were unable to attend the Court at Talladega, and in addition, had an important suit in Wilcox county, which required their attention at the same time ; that complainants attorney, not knowing of the materiality of the absent witnesses, could not obtain a continuance, and that the defendant unjustly obtained a judgment against them, which he is seeking to enforce by execution.

That if they had been able to make their defence at law, on

33

the merits it consisted of matters of account, which a jury could not properly adjust. That the defendant is utterly insolvent, and has left the country.

The prayer of the bill is for an injunction to the judgment at law, that an account be taken between the parties, and for general relief. The Chancellor dissolved the injunction, and dismissed the bill. To reverse which, the plaintiffs have sued out this writ of error.

B. F. PORTER, for the plaintiff, in error—insisted that this case was distinguishable from French v. Garner, 7 Porter, 553, and cited 9 Danna, as a case in point. He also insisted, that the bill was filed for an account, which gave the Court jurisdiction: 8 Porter, 63.

W. B. MARTIN, contra—contended, that there was no equity in the bill, and no excuse shewn for not defending at law. He cited 7 Porter 533; 1 Ala. Rep. 351.

ORMOND, J.—It is very certain that the plaintiffs in error, do not, in their bill, show any ground for overhauling the judgment obtained at law, by the defendant. The cases cited by the counsel, for the defendant in error, are decisive to show that this case is not, at least in this mode relievable in equity. There is a total want of that diligence, which the Court of Chancery requires, before its interposition can be obtained. If, as does not sufficiently appear, from the bill, the plaintiffs, from the necessity of attending to another suit, from sickness, or from any other cause, were unable to attend the Court, they should have sent an agent, or at least, should have placed their attorney in possession of the means, for trying or continuing the suit, if the witnesses did not attend. But independent of these considerations, we apprehend no case case can be found, in which a Court of Chancery has interfered to grant relief, in the nature of a new trial at law, after judgment on a plea in abatement.

The bill, however, is also filed to obtain an account from the defendant. The allegation is, that he was employed by them, to aid in the management of a house of entertainment at the Talladega Springs; that they placed in his possession, eight hundred dollars, to buy provisions for the house; they allege,

that he did not expend more than three hundred dollars of the money for the purposes for which he was intrusted with it, and that he has never accounted with them. There can be no doubt that the facts stated, will give the Court jurisdiction to entertain the bill for an account. The defendant was the bailiff, in technical language, of the complainants, against whom the ancient common law action of account could have been maintained, and of which Courts of Chancery have concurrent jurisdiction; and this would seem to be a case peculiarly proper for a Court of Chancery, as the disbursements of the bailiff, or agent, must have consisted of many items. There is still, however, a question of some difficulty, which does not appear to have been presented to the Chancellor; it is, whether the fact alleged, in the bill, of the insolvency of the defendant, and that he has left the State, will authorise this Court, to injoin the judgment at law, until the account can be taken. Although the question is not free from difficulty, we are strongly inclined to think the plaintiffs are entitled to the aid of the Court, upon the principle upon which it interferes to prevent irreparable injury, as in cases of waste.

If the defendant is permitted to enforce his judgment at law, the decree in favor of the complainants; if they are able to obtain one, will be of no value, whilst, on the other hand, if the claim of the complainants is unfounded, the injury to the defendant, will be merely a temporary suspension of his rights. If the defendant was a resident of the State, but about to leave it, the complainants would be entitled to a *ne exeat*, or if he had property in the State, it could be attached at law, which does not, in principle, differ from granting the injunction in this case and permitting the judgment obtained by the defendant, to stand as a fund, out of which to satisfy any decree the complainants may obtain.

In Simpson v. Hart, 14 Johns. Rep. 63, the Court of Errors of New York, where a bill was filed, to set off one judgment against another, considered that the insolvency of one of the parties, was a material fact in granting the relief: see also, Pond v. Smith, 4 Conn. Rep. 305, which is expressly in point.

Upon the whole, we are of opinion, that although the complainants cannot overhaul the judgment at law, obtained against

them, yet, in equity, it should stand as a security for their claim against the defendant.

The decree of the Chancellor, therefore, dissolving the injunction and dismissing the bill, is reversed, and this Court, proceeding to render such decree, as the Chancellor should have rendered, does hereby order, adjudge and decree, that the injunction granted in this cause, to the judgment at law, be continued, and that an account be stated by the master, between the parties: that the judgment obtained by the defendar. stand as a security for such amount as may be decreed in fav. of the complainants, on the settlement of the accounts between the parties, and for this purpose, let the cause be remanded.