## CHANDLER v. CRAWFORD.

1. A penalty created by statute for the omission to do a particular act, cannot be relieved against in Chancery, any more than at law; but Chancery may entertain a bill for the discovery of facts, showing either a sufficient excuse, or to establish fraud in the party, seeking to enforce the penalty.

2. A sheriff against whom a judgment is rendered for failing to make a return upon an execution, cannot have relief in Chancery, upon the ground alone that the defendant in execution was insolvent.

3. A plaintiff in execution having obtained a judgment against a sheriff, for failing to return the execution, the latter, may in equity, set off a debt due him from the former, he being insolvent, and the debt not being a legal set off, on the motion against the sheriff.

Error to the Chancery Court of Perry.

The bill was filed by the plaintiff in error, and alledges, that on the 13th April, 1842, he, being sheriff of Perry county, an execution came to his hands in favor of the defendant, against The Manual Labor Institute of South Alabama, for $1,649 37, besides costs.   That at the time he received the execution, the Institute was wholly insolvent—that this fact was well known to the defendant, yet, at his desire the complainant indorsed a levy upon certain lands, the numbers of which were furnished by defendant—that there was not time to sell the lands, and he was about to return that fact upon the execution, when he was informed by the clerk of the Court, James C. Harrell, that he need not return it, as the defendant had informed him he did not wish it returned; and charges that he believes defendant so informed Harrell.

That defendant afterwards moved against him, for failing to return the execution, and obtained a judgment against him and his sureties, said Harrell being excluded by the Court, from testifying, because he was one of the sureties on his official bond.

He also charges that he had paid to the defendant, on the execution, $360 72; also, that he owes him $203 46, due by note, subject to a credit of $40, for which he claims an off set. He also charges that the defendant is insolvent.

The defendant, by his answer, denies giving any authority to the sheriff not to return the execution—denies that the Institute is insolvent—admits that it was embarrassed, but that he believes it had property fully sufficient to satisfy his execution; insists on his judgment against the sheriff as a bar to his setting up in Chancery, matters cognizable upon the trial at law; denies his indebtedness to complainant, except the note of $203 46, and also his right, if such debts existed, to make them the subject of a set off, in Chancery; and demurs to the bill.   He also admits his inability to meet his own engagements.

Harrell was examined as a witness, and proved that the defendant waived the return of the execution, and that he considered the Institute insolvent.

H. C. Lea, also proved, that in his opinion, no money could have been made upon the execution at the time, from the insolvency of the Institute.

The Chancellor rejected the testimony of Harrell, because he was one of the sureties of the sheriff, and a party to the judgment, and considering the equity of the bill, if any existed, positively denied by the answer, and but one witness proving any thing in relation to the insolvency of the defendant in execution, dismissed the bill, from which this writ is prosecuted.

THOS. CHILTON, for plaintiff in error.

DAVIS and PECK, contra.

ORMOND, J.—Harrell being one of the sureties of the sheriff, was clearly incompetent, from interest, to testify in his behalf, at law ; and in equity, he certainly could not be a witness, as the judgment was rendered, not only against the sheriff, but also against him, as one of his sureties.

We consider the answer of the defendant, as virtually admitting his insolvency ; he also admits the existence of a debt from him to the sheriff, as charged in the bill, of $203 46, subject to a credit of $40, and for this, we think, he is entitled to a set off in equity. As between the original parties, the insolvency of one, may be a ground for the interposition of a Court of Chancery, to prevent irreparable injury. [Pharr & Beck v. Reynolds, 3 Ala. Rep. 521 ; Long & Long v. Brown, 4 Ib. 622 ; and Cullum v. The Bank, Ib. 21.] In this case, the defendant being indebted to the sheriff, has obtained a judgment against him, in a case in which he could not make the debt a set off, and if he is compelled to pay the judgment, will, from the insolvency of the defendant, in all probability, lose the debt. Under such circumstances he is entitled to an equitable set off, which the Chancellor should have allowed.

The remaining questions are of much more moment, and difficulty. Whether the insolvency of the " Institute," can be shown by the sheriff, as an excuse for omitting to return the execution, and by what means the insolvency is to be established.

The remedy against a sheriff, for failing to return an execution, is provided by statute. By the act of 1819, Clay's Dig. 206, § 22, a remedy was given to the plaintiff, to recover by motion, money which the sheriff had made and failed to pay over, "or for failing to return the execution." A previous statute, passed in 1807, Clay's Dig. 217, § 80, gave to the Court power, on motion, to fine the sheriff five per centum per month on the amount of the judgment, for a failure to return it; and a statute passed in 1826, Clay's Dig. 218, § 86, authorized the Court to issue an attachment, for an omission to return the execution.

At an early period of this Court, a construction was put upon the first of the acts here cited, that the sum to be recovered of the sheriff, was the amount of the execution, McWhorter v. Marr, 1 Stew. 53, which was re-affirmed in Neale v. Caldwell, 3 Stew. 134. In Hill v. The State Bank, 5 Porter, 537, the present Court considered the question as to the proper measure of damages in such a case, and although it adhered to the former decisions, it expressed great dissatisfaction with them, but would not depart from a construction so long acquiesced in. There the question arose at law, upon the motion. Now it is presented in Chancery, and the question is, whether equity has the power to relieve in such a case?

What is the true intent and meaning of these statutes, giving remedies against the sheriff, for omitting to return an execution? The evident design was to procure the performance of the act. To accomplish this, he is exposed, by the omission, to a summary proceeding, at the instance of the plaintiff, which is evidently purely penal in its character; as the question is, not whether the plaintiff has been injured, by the neglect of the sheriff, but whether he has omitted to do the act, which, by law, he was required to do. We have frequently expressed our individual opinions, that it was impossible to suppose that it could have been contemplated by the legislature, that the sheriff should pay the debt, as the consequence of his omission to do an act, when such omission was no prejudice to the plaintiff, and the performance would have conferred no benefit. Influenced by these considerations, the suggestion was made, in Harris v. Bradford, 4 Ala. Rep. 221, that possibly equity might relieve in such a case.

Upon mature reflection we are satisfied, that a Court of equity cannot relieve against the penalty, so long as the construction heretofore put upon the statute, is permitted to remain. It does not stand upon the same footing, with contracts entered into by the parties, but is a declaration of the legislative will, which Courts of Chancery cannot dispense with, any more than Courts of Law. [Jemison v. Cozzens, 3 Ala. Rep. 636; see, also, 2 Story's Equity, 555, § 1326; and cases cited.]

However unjust, or against conscience, such an attempt may be, it is not in our power to relieve against it. So long as the law is permitted to remain upon the statute book, it must be enforced, both at law and in Chancery. Equity will entertain a bill, for a discovery of facts, to show that the penalty never attached, or was produced by the fraudulent conduct of the adverse party, or by circumstances beyond his control. Such, indeed, was in part the equity set up in this bill, but it was denied by the defendant, and is not proved.

The result of our opinion is, that the decree of the Chancellor must be so far modified as to allow the complainant a credit, by way of equitable set off for the amount of the debt, admitted to be due to him by the defendant. In all other respects it is affirmed.

Let the defendant in error pay the costs of this Court. The complainant is properly taxed with the costs of the Court of Chancery, as he did not offer to pay what was really due.