BURNS v. HINDMAN.

1. If a matter of defence arises after issue joined, it must be pleaded *puis darrein continuance;* if it arises pending the suit, but before issue joined, it is pleadable in bar to the further maintenance of the suit.

2. A submission to arbitration, which speaks of an action for a false imprisonment, will include an action on the case for the malicious use of process.

3. An award which discharges each from all demands of the other, and dismisses all suits, is not conditional, but is conclusive in favor of, and against each of the parties.

Burns v. Hindman.

Error to the Circuit Court of Benton,

ACTION on the case, by the plaintiff, against the defendant in error, for maliciously suing out a *capias ad satisfaciendum.*

The defendant pleaded the general issue, with leave to give any matter in evidence which might be legally pleaded in bar, and general replication; upon the trial, the defendant offered in evidence, a submission to arbitration between him and the plaintiff, and award, as follows:

"Whereas, the undersigned, Abraham S. Burns, being about to institute a suit against Thomas C. Hindman, for false imprisonment, and both parties having had an interview, with a view to bringing about an amicable settlement of the difficulty, above alluded to, as well as all others that may have existed heretofore, and the interview aforesaid having resulted in the following conclusion, to wit: that the above named Burns and Hindman do mutually agree, and do hereby select, Lawrence Brock and John M. Crook, as arbitrators, in all matters of difficulty between them, the parties above named, including the suit aforesaid, which said Burns hereby agrees is to be dismissed, the writ being now in the hands of the sheriff of Benton county; and the parties aforesaid, do by these presents agree, and bind themselves, to abide the award of the arbitrators named, which shall be considered in full satisfaction to both parties, from this time, henceforth, and forever, in relation to all matters of difference of every description, up to the date hereof. In witness whereof, &c. this 18th April, 1843. Said arbitrators to meet this evening, at some convenient place at Jacksonville, or on any other day, which may best suit their convenience."

Signed and sealed by the parties.

The defendant proved, that at the instance of the parties, and after examining and hearing them, the arbitrators made the following award, in writing:

"The undersigned, arbitrators, according to the within obligation, from the facts before them, award, that all suits between the parties be withdrawn, by the party commencing them, and that they be mutually relieved from all amounts held or claimed against each other, of whatever nature they may be, this 18th April, 1843." Signed by the arbitrators.

That the award was stated to the parties, with which they professed themselves satisfied.

Burns v. Hindman.

The plaintiff objected to the reading of the submission, and award, to the jury, to each separately, which objection the Court overruled, and the plaintiff excepted, The plaintiff further moved the Court to instruct the jury, that the award was no bar to his recovery in this action; which charge the Court refused to give, and charged, that if they believed the testimony, the award was a bar to a recovery in this action, to which the plaintiff excepted, and which he now assigns as error.

Rice, for the plaintiff in error, contended, that the evidence was not admissible under the issue, but should have been pleaded *puis darrein continuance.* [4 East. 502 ; 2 Saund. P. & E. 723; 20 Johns. 414; 6 Com. Dig. 121, 131; 1 Chitty P. 695; 6 Ala. Rep. 399.]

The Court erred in assuming that the award was made before the commencement of this suit.    [3 Porter, 231 ; 1 Ala. Rep. 90.]

The matters embraced in this suit were not referred to the arbitrators.    [7 Porter, 158; 9 Johns. 38; 12 Johns. 456.]

The submission extended only to all matters in difference, at the date of the submission, and it was not shown that this action was then in difference between these parties.    [4 Term, 146 ; 6 Id. 607 ; 15 East. 213 ; Watson on Awards, 146.]

The defendant should have averred a performance on his part.    [5 Mason, 244.]

W. B. Martin, contra.

ORMOND, J.—There is a distinction as to a matter of defence arising after the issue joined, and such matter when it arises pending the suit, but before issue joined.    In the former case it must be pleaded *puis darrein continuance;* in the latter it is a plea in bar to the further maintenance of the suit, and may be pleaded with other pleas in bar, whilst the former is a waiver of all previous pleas.    [Sadler v. Fisher, 3 Ala. Rep. 20J.]    From this it appears, that the testimony of the submission and award were properly admitted under the general issue.    But if this were not so, we think the agreement of the parties broad enough to admit the evidence, if only admissible under a plea of *puis darrein continuance.*

We are now to consider the effect of this submission, and

award. It is contended by the plaintiff's counsel, that this controversy was not submitted to the arbitrators, because the suit then spoken of, is said to be an action for *false imprisonment*, and that this is an action on the case, for the malicious use of process; and that although all matters in difference between the parties, was submitted to the decision of the arbitrators, it will not include this action, which is not specifically named or described.

The submission recites, that the parties had an interview, and had agreed upon an amicable settlement of a suit, which Burns was about to institute against Hindman, for false imprisonment—that the suit was to be dismissed, and all matters of difference between the parties, of every description, up to that date, were to be left to the arbitrament of two persons, who are named. We think it cannot well be doubted, that this is the action spoken of in the submission, as an action for false imprisonment. It is an action on the case, for maliciously arresting the body of the plaintiff, upon a *ca. sa.* and certainly this might well be considered by the parties as an action for false imprisonment. The writ, too, bears the same date with the submission, and until the presumption is repelled by contrary proof, the inference is irresistible, that this is the action referred to in the submission.

But whether it is, or is not, the same action there referred to, the result is the same. If it was the same action, then, as one of the conditions of the submission, it was to be dismissed; if it was not the same, it was certainly a matter of difference between the parties, as the writ was sued out the same day, and by the express decision of the arbitrators, was to be dismissed by the plaintiff; so that any possible construction of the submission would lead to the same result. We think, however, that it would be most unreasonable to suppose, that this is not the action which the plaintiff, upon going into the submission, agreed to dismiss. See the case of Gray v. Gwennap, 1 Barn. & Ald. 106.

There is nothing in the objection that the award is conditional, and that the defendant cannot have the benefit of it, without showing that he had performed it. An award may certainly be conditional, and to entitle the party to the benefit of it, he may be compelled to show that he has performed, or of-

fered to perform, the condition; but this award is not of that character. It does not award any thing to either party, but discharges each from all demands of the other, and dismisses all suits. It is, then, conclusive of these matters, in favor of, and against each; and if the defendant had any suit pending, against the plaintiff, at the time of the award, which does not appear, either from the submission, award, or by evidence *aliunde*, the award is conclusive in favor of the plaintiff to procure their dismissal.

Let the judgment be affirmed.