## McCALL, USE, &c. v. McRAE.

1. After an execution has been perpetually enjoined, a motion cannot be made against the sheriff for failing to make the money upon it, although it was several years in his hands, before the decree was made.

2. A demurrer will not be sustained to a plea *puis darrien continuance* for want of an affidavit. The objection should be made to its reception by the court.

Writ of error to the Circuit Court of Barbour.

MOTION by the plaintiff in error, against the defendant in error, as sheriff, for failing to make the money on an execution, which by proper diligence he could have made. The execution is alledged to have come to the hands of the sheriff on the 27th May, 1841, and notice was given that the motion would be made on the third Monday of September, 1841.

The defendant pleaded not guilty, and at the spring term, 1846, on payment of costs, was permitted by the court to plead *puis darrien continuance*, that the judgment against the defendant was by the chancery court of Barbour county, at the November term, 1843, of that court, perpetually enjoined. To this plea the plaintiff demurred, which being

40

overruled by the court, and the plaintiff declining to plead over, judgment was rendered by the court for the defendant.

This is now assigned as error.

BELSER, for the plaintiff in error.

1. The execution on which the rule was founded issued from competent authority, and was duly authenticated. It was not for the sheriff to say, whether it was founded on a proper judgment or not. [See Anderson v. Cunningham, Minor's Rep. 48; Neale, et al. v. Caldwell, 3 Stew. 139; Godbold v. Bank of Mobile, 4 Ala. Rep. 520.] The judgment was in force when the sheriff committed the default. By neglect of duty he then incurred a penalty, and this renders him liable, although the judgment was afterwards perpetually enjoined. [See Chandler v. Chandler, 7 Ala. Rep. 506 ; Lockhart v. McElroy, 4 Ala. Rep. 572.] In the case of Holloway v. Johnson, the debtor died before the issuance of execution—7 Ala. Rep. 660.

2. The plea of *puis darrien continuance* should have been sworn to. See Buddle v. Nelson, 6 Term, 369 ; McAlpin v. May, 1 Stew. 522.

ORMOND, J.—The rule upon this subject, is laid down in Godbold v. The P. & M. Bank, 4 Ala. 520, that although the execution is irregular, so that it might have been quashed on motion, the sheriff cannot refuse to execute it, or excuse himself for the omission, by proving such to be the fact ; but where the judgment is so utterly void, as to afford no warrant for the officer in executing it, he may successfully defend himself, by proving that there is no such judgment, or that it is void.

This case falls fully within the principle there laid down. It appears that the judgment on which the execution had issued, was perpetually enjoined, nearly three years before the cause was tried ; and although we may infer, that at the time this motion was made, and up to the time when the chancery court perpetually enjoined the judgment, the execution was so far regular, that the sheriff could not have defended himself against this motion, the case is entirely different, when the judgment of the court is asked, after it is ascertain-

ed, that the plaintiff not only had no right to issue his execution, but that his judgment was inoperative. It is in effect the same as if there had been no judgment when the execution issued.

The case of Chandler v. Crawford, 7 Ala. Rep. 506, is unlike this. There, there was a judgment, and although the defendant was insolvent, so that the plaintiff was not injured by the failure of the sheriff to return it, we held, the court of chancery could not relieve against the penalty.

The right to recover upon the judgment being gone, carries with it the right to recover the penalty of ten per cent. for the sheriff's neglect, as was held in Willard, Freeman & Co. v. Womack, 4 Ala. R. 539. The case of Lockhart v. McElroy, Id. 572, was where the sheriff had collected the money, and afterwards a judgment was obtained against the coroner, for failing to make the money, on an execution upon the same judgment, after which the sheriff paid over to the plaintiff the amount of the judgment, and we held that this did not discharge the penalty of ten per cent., which had actually accrued, and which had not been discharged by the payment of the sheriff. Here the penalty never accrued, as it is now ascertained there never was any right in the plaintiff, to enforce an execution upon this judgment.

This plea being pleaded *puis darrein continuance*, should regularly have beeen sworn to before it was received by the court, and in McAlpin v. May, 1 Stewart, 522, it was held, that this was such a defect as could be reached by general demurrer. After a full consideration of this matter, we are satisfied this decision is wrong, and as a matter of practice constantly recurring, it is important it should be put upon a proper footing.

A plea *puis darrein continuance*, is a waiver of the pleas previously put in; its tendency therefore, by presenting a new issue, is, to delay the cause, and for this reason it will not be permitted to be filed, until the court is satisfied of its truth. And when the plea consists of matter in *pais*, this can only be by oath being made of the truth of the plea. This is the reason assigned in the old books upon the subject of requiring this plea to be verified. [Martin v. Wyvill, 1 Strange, 493.

The oath is not a part of the plea, but a preliminary to its reception, and when the plea is thus received, it cannot be rejected by the court, because it is insufficient. Lovell, v. Eastaff, 3 Term, 557. The decisions of this court upon pleas in abatement, and pleas of *non est factum*, that the want of an affidavit is reached by a demurrer to the plea, have no application, because the affidavit is by statute made a constituent part of the plea. In this case there would have been no propriety whatever in requiring an affidavit, as the fact stated in the plea was matter of record. Indeed, under our practice, the reason of requiring an affidavit in any aspect of this plea, does not exist, at least to the same extent as in England, as the exhibition of such a plea, with us, does not necessarily, as in that country, delay the cause. In most cases in practice, the issue is made up at the trial. We are therefore fully satisfied that the objection must be taken to the reception of the plea, and if objected to, must be verified by the oath of the party; but if received by the court, no objection for that cause can afterwards be taken to it. This was held to be the law in regard to these pleas, in Nichols v. Mason and Spalding, 21 Wend. 339.

The judgment of the court below must be affirmed.

Judge GOLDTHWAITE not sitting.