## PRINCE v. PUCKETT, Ex'x.

1. The plea of accord and satisfaction, is not an admission of the cause of action, when the general issue is also pleaded.
2. One who receives goods as a warehouseman, from one who obtained them by the commission of a trespass, and on demand, refuses to deliver them to the owner, is not liable to be sued in trespass. Trover, or detinue, is the appropriate action.

Writ of Error to the County Court of Sumter.

BALDWIN, for the plaintiff in error, made the following points:

1. The defendant below had the right to plead the general issue, and also special pleas in bar. The court charged that the plea of accord, and satisfaction, admitted the cause of action; the general issue being pleaded, denied that right.

2. Under the evidence, trespass would not lie against the defendants. He cited 5 Cow. Rep. 489; 9 Bacon's Ab. 475, and other authorities.

REAVIS, contra.

DARGAN, J.—The sheriff of Sumter county, having an attachment in his hands against Kirkland, levied it on eleven bales of cotton, the property of James Puckett, and delivered the cotton to the plaintiffs in error, who are warehouse keepers. Puckett demanded the cotton of the plaintiffs, and they refusing to deliver it, he brought trespass against them to the county court. James Puckett died, and the defendant in error, his executrix, was made a party to the suit. The plaintiffs in error, pleaded not guilty, accord and satisfaction, with other special pleas. On the trial, the court was requested to charge the jury, that if they believed the defendants were not liable to the action of trespass, up to the demand as indicated by the testimony, then the demand, and refusal, did not make them liable to this action; which the court refused, and charged, that the plea of accord and satisfaction, admitted the cause of action. The charge given, and the refusal to charge as requested, are assigned for error.

It is very clear, that the court erred in the charge given. By our statute, defendants may plead the general issue, and such special pleas in bar, as they may think necessary to their defence. To hold that a plea in bar, admits the cause of action, notwithstanding the general issue is pleaded, and relieves the plaintiff from the necessity of proving it, would deny the right to plead the general issue, with a special plea in bar. [7 Ala. Rep. 531.]

2. The court also erred in refusing to give the charge requested. It was asked rather awkwardly, but the substance, and meaning of it is, that under the evidence, the demand, and refusal, did not make the defendants liable to this action. This charge ought to have been given, for the law is, if a sheriff levy on the goods of A, to satisfy process in his hands against B, and deliver the goods for safe keeping, or sell them to a third person, such third person is not made a trespasser, although he refuse to deliver them to B, on demand; because the goods have come to his hands without fault on his part, and the owner must bring trover, or detinue. [2 Rawle's Ab. 556; 2 Saund. Plead. & Ev. 864; 9 Bac. Ab. 495.] Whether the plaintiffs in error, would be liable to trespass, had they obtained the cotton from the sheriff tortiously, we do not determine; but under the evidence, they were not liable to this action. The judgment is therefore reversed, and remanded.