# Wright, Administrator, *v.* Evans.

| 53 | 103 |
| d112 | 323 |
| 112 | 473 |

*Action for Breach of Contract, &c.*

1. *Plea; what not waiver of previous pleas.*—Under the provisions of the Revised Code, pleas *puis darrein continuance* are not a waiver of pleas previously pleaded to the merits.

2. *Pleas puis darrein continuance; what not grounds of demurrer to.*— Whether, or no, such pleas must be verified is not decided; but want of verification is not ground of demurrer, but of objection to the filing of the plea, or if filed to strike it from the file.

3. *Same.*—A plea allowable only to the further maintenance of the suit, but which in its terms is not expressly confined to that, is not demurrable, if the facts in this respect are so stated that a material issue can be taken on them.

4. *Attorney; how cannot delegate power*—Authority to an attorney to arbitrate can not be delegated to another, without the client's consent.

5. *Arbitration; plea of, what defective.*—A plea of arbitration by an agent is defective, unless it avers the agent's authority to make the submission.

6. *Same; what consent to, invalid.*—The assent of an attorney to an arbitration, expressed only by words and not in writing, is not binding on the client.

[Wright *v.* Evans.]

7. *Agency; what not equivalent to averment of.*—An averment that the pleader "was informed and believed" that a person was agent to conduct and manage a suit for another, is not equivalent to an averment that such person was the agent.

8. *Plea: what bad, as plea in bar, or to further maintenance, &c.*—A mere unexecuted agreement to submit to arbitration can not be pleaded either in bar, or to the further maintenance of the suit.

9. *Agency; what not sufficient proof of.*—The fact that a person acted as agent of another, is not of itself sufficient to prove that he was the agent; his authority must be proved by other evidence, before it can be assumed that his acts are binding on the principal.

10. *Cross assignment of error; when not allowed.*—The appellee can not make a cross assignment of errors, when judgment has been rendered in his favor from which he can not appeal.

11. *Same; practice as to.*—Cross assignments of error must be predicated on bill of exceptions taken by the appellee; he can not reserve exceptions in appellant's bill and base a cross-assignment on them.

APPEAL from Circuit Court of Butler.

TRIED before Hon. P. O. HARPER.

Appellant's intestate brought suit to the spring term, 1870, of the circuit court, against W. V. Evans, and Uriah Evans, claiming damages of the defendants, for breach of a written agreement made by them with one Edward Bowen, on the 7th of November 1868, whereby they promised to pay said Bowen, or order, by the first day of January 1870, seven hundred and forty-one dollars, "to be paid in lint cotton at 20 cents per pound," &c., at Greenville, Ala., which agreement had been duly transferred, &c. A second count of the complaint declared on the instrument as a promissory note.

A copy of the summons and complaint was served upon the defendants on the 18th day of April 1870. At the fall term, 1870, a minute entry was made, reciting that the defendants moved "to make the award the judgment of the court, which was overruled." The cause was continued generally until the spring term 1872, when the death of the plaintiff, John E. Jones, was suggested, and the appellant Wright, as administrator, was made party plaintiff. At this term the defendants filed several pleas in bar, and among them a special plea averring in substance, "that on the —— day of —— 1868, Crenshaw, attorney for plaintiffs, and Whitehead & Duke, the defendant's attorneys, agreed orally to arbitrate the matters in controversy in the suit ; that Crenshaw, as attorney, sent defendant's attorney, Whitehead, to E. Bowen, to arrange for arbitration, and thereupon he went to Bowen who had, as defendant alleges, on information and belief, been acting as plaintiff's agent, and Bowen and Whitehead agreed to arbitrate the matter, ·whereupon an agreement to arbitrate was written out and signed by Bowen

and W. V. Evans, as follows : [Here follows an agreement, signed by W. V. Evans and Edwin Bowen, to abide and be bound by the action of J. S. Kirkpatrick and A. R. Sheppard, arbitrators chosen by them, to adjust a controversy between Edward Bowen and W. V. Evans, in relation to land claimed by the estate of William Jones, and in event they could not agree, to call in a third person, whose decision should be final ;] that the defence set up to the note in suit, and which was well known to plaintiff and his attorney, was that defendants had been damaged by the failure of Bowen, to whom the note was executed, to convey certain land contracted for, and which Bowen had no ability to convey, &c., and which formed the consideration for which the note was given ; that the arbitrators made an award, (which was set out in *haec verba*,) that defendant had been damaged eight hundred dollars by reason of the failure of Bowen to convey said lands, and that said sum be rendered as an offset to said suit ; that by the terms of the submission and by parol at the time, it was understood between said Bowen as agent for plaintiff and the defendants, and by the arbitrators, "as an arbitration of the matters involved in this suit," &c.; that while said arbitration was going on, which said Crenshaw had brought about as aforesaid, and which defendant understood was to be an arbitration and final award, said Crenshaw was present a part of the time, and made no objection thereto ; that defendants had always been ready to comply with the award, which was in fact an arbitration and award between the parties to the suit, plaintiff consenting thereto, by his attorney ; that shortly afterward said Bowen paid to defendant the difference, between the note sued on and the award, in defendan's favor, consenting at the time that the balance should be set off against the note in suit ; all of which, as plaintiff is informed and believes, was with the consent of said Crenshaw as attorney for said Jones."

This plea seems to have been filed at the same time with, the others, and was not verified by affidavit.

The plaintiff demurred to the plea of arbitration and award on the following among other grounds :

1st. It shows that the arbitration was made after the commencement of the suit, and since the last continuance, and is not sworn to, as a plea *puis darrein continuance* should be.

2d. The submission and award were between Bowen and defendants, and not between plaintiff and defendants.

3d. Because plaintiff's attorney could not consent expressly or impliedly to an arbitration, out of court and without an order of court in the cause.

[Wright v. Evans.]

The court overruled the demurrer, and a trial was had on issue joined on the pleas.

On the trial plaintiff denied Bowen's authority. Bowen had been plaintiff's guardian, and took the note to Crenshaw, to be sued for collection, as the property of the plaintiff, to whom it had been transferred in payment of Bowen's indebtedness. Bowen himself testified that he was not the plaintiff's agent and was acting only for himself in the arbitration. Bowen conferred with plaintiff's attorney about the management of the suit, but he testified that this was because he had given defendants a bond for titles, and was therefore interested in the result of the suit. When the award was made Bowen did not object to it, and paid the difference between the note due him and the amount of damages awarded. Afterwards, he repudiated the award, because he discovered that the arbitrator selected by him was a relative of defendant.

The court charged the jury "if they believed from the evidence that Bowen transferred the note to Jones, his former ward, and gave it to Crenshaw, as an attorney, for collection, and that afterwards Bowen conducted and managed the suit, and that Crenshaw consulted with him as to the conduct of the cause, and that Bowen agreed to submit the matters in controversy in this suit to the award of arbitrators, and was present at the arbitration, and that Crenshaw as his attorney was also present, and that when the award was made known they made no objection to it,—the jury may find that Bowen was agent of the plaintiff, notwithstanding Bowen denies his agency. Whether a man is the agent of another is to be determined from all the facts and circumstances."

The plaintiff excepted to this charge. There was a verdict and judgment for the defendants. The plaintiff reserved a bill of exceptions, in which was incorporated exceptions reserved by defendant to certain rulings of the court, and now brings the case here by appeal.

The appellant assigns for error the over-ruling of the demurrer to the plea of arbitration and award, and the charge excepted to. The appellees, by consent, made cross-assignments of errors, predicated upon the exceptions reserved by them in appellant's bill of exceptions.

JUDGE & HOLTZCLAW, for appellant.

HERBERT & BUELL, contra.

BRICKELL, C. J.—Matter in abatement, or in bar of a suit, arising after plea pleaded, or issue joined, or as it is technically called, since the last continuance, at common law, if introduced as a defence, was not a departure from, but a waiver of the first plea, of which no advantage could afterwards be taken, nor could the plaintiff proceed thereon. Its tendency therefore, by presenting a new issue, was to delay the cause, and because of this, the court would not receive it, or permit it filed, if it consisted of matters en pais, until satisfied of its truth. 1 Chit. Pl. 659; McCall v. McRae, 10 Ala. 313. For this reason, it must have been verified by the oath of the party pleading it. The Code has to this extent certainly, and in express terms, changed the rule of the common law, that pleas to the merits previously pleaded, are not waived by a plea puis darrein continuance. R. C. § 2651. As such plea is not a waiver of previous pleas, in our system of pleading, whether they should be verified, this case does not require us to determine. If verification is necessary, the want of it is not cause of demurrer, but ground of objection to the filing of the plea, or if filed, of motion to strike it from the files. McCall v. McRae, supra.

So far as the record discloses, all the pleas were filed simultaneously, as well the plea of arbitration and award, had after the commencement of the suit, as the general issue, and other pleas in bar, of matters existing when suit was commenced. A distinction was made at common law, as to matter arising after plea pleaded, and matter arising pending the suit, but before plea. The first must have been pleaded, puis darrein continuance; the latter could not be pleaded in bar of the action generally, but must have been pleaded to the further maintenance of the suit. 1 Chit. Pl. 657; Sadler v. Fisher, 3 Ala. 200; Burns v. Hindman, 7 Ala. 531; McDougald v. Rutherford, 30 Ala. 253. It not appearing the arbitration and award, was subsequent to plea pleaded or issue joined, it was properly pleaded to the further maintenance of the action, and not puis darrein continuance. In a proper case, it could have been given in evidence under the general issue. Burns v. Hindman, supra. True the plea does not in terms purport to be to the further maintenance of the action, but in this respect the facts are so stated as to be capable of a material issue, and the defect in the form of the plea does not render it demurrable. R. C. § 2638.

In its statement of facts, the plea is insufficient. An attorney at law may submit matters in litigation, in a cause in which he is engaged, to arbitration. Beverly v. Stephens,

17 Ala. 701. Whether he may do so in vacation, or otherwise than by consent entered of record, we do not deem it necessary to inquire. The averment of the plea, is that the attorney of appellant orally agreed to the submission. The 14th rule of practice in the circuit courts, (R. C. p. 821,) forbids the enforcement of any private agreement, or consent between the parties or their attorneys, relating to the proceedings in any cause, unless it is in writing and signed by the party to be bound thereby. The submission not being in writing, if within the scope of the powers of appellant's attorney, was not binding on appellant. The plea discloses not a submission by the attorney, but an agreement to submit. A mere unexecuted agreement to submit is of no force, even when made by the party. It is not a bar to the suit, if made prior to its institution, or if made pending the suit, to its further maintenance. *Bozeman* v. *Gilbert*, 1 Ala. 90, *Ex parte Garlington*, 25 Ala. 170. The plea avers the attorney, not agreeing himself to the submission and its terms, referred the appellee's attorney to a third person, with whom the terms of submission were made, and who, without the presence of the attorney, selected the arbitrators. The authority of an attorney is in the nature of a personal trust and confidence, incapable of delegation, without the consent of the client. *Hitchcock* v. *McGehee*, 7, Port. 556; *Johnson* v. *Cunningham*, 1 Ala. 249. If appellant's attorney had authority to submit to arbitration, he must have exercised it himself—he could not delegate it to another, in whole or in part. The person to whom appellant's attorney referred the attorney of the appellees, it is averred, the appellees were informed and believed, was the agent of the appellant for the management and conduct of the suit. All facts necessary to a defence, or to the maintenance of a suit at law, must be clearly and distinctly alledged. This is not an averment that the person referred to, was the agent of the appellant, it does not put in issue the fact of his agency, but only, the fact of the appellee's information and belief that he was the agent. Such an averment is wholly insufficient. *Read* v. *Walker*, 18 Ala. 332; *Jonas* v. *Combs*, 26 Ala. 612. If, however, the plea had distinctly alledged the agency, it would still be defective, in not averring that the agent had authority to make the submission. To authorize an agent to submit the controversy of his principal, the power must be expressly conferred, or embraced within the authority explicitly granted. Power to conduct and manage a suit, or to collect a debt, or to settle a disputed claim, does not embrace an authority to arbitrate. *Scarborough* v.

[Wright *v.* Evans.]

*Reynolds,* 12 Ala. 252. *Huber* v. *Zimmerman,* 21 Ala. 488.

The submission and award are set out in the plea. They do not embrace the matter in controversy in this suit, nor is the plaintiff a party to it. The matter submitted, is a dispute or controversy between one Bowen and one of the appellees, W. V. Evans, in relation to land claimed by one Jones, which Bowen had sold to Evans. The award is, that the value of this land is eight hundred dollars, which is to be rendered as a set off in this suit. If the plaintiff by himself, or an agent thereunto authorized, had assented to the submission and award, and that it should determine this suit, he would be concluded by it, though not individually a party to it. The contract on which he sues being for the unpaid purchase money of the lands, the title to which had failed, such failure was probably matter of defence in this suit, and he may have preferred a determination of the right by arbitration. But the plea does not connect him with the arbitration by proper averments. The assent of his attorney to the arbitration, was expressed only by words and not in writing, and was not binding. The authority of Bowen as his agent is not shown by the plea. As the arbitration and award is presented by the plea, as to the plaintiff, it is *res inter alios actae,* and several of the grounds of demurrer, presenting its want of obligation on the plaintiff should have been sustained.

The charge given by the court was erroneous. It authorized the jury to find that Bowen was the agent of the plaintiff, because he acted as such. The fact that a person acts as the agent of another, does not prove that he is agent. That must be proved by other evidence, before it can be assumed that his acts are binding on the principal. *Scarborough* v. *Reynolds,* 12 Ala. 252. ; *McDougald* v. *Dawson,* 30 Ala. 553. Not only this, without any evidence of the extent of his authority, it authorized the jury to presume he had authority to submit the controversy of his principal to arbitration—an authority which must be expressly conferred, or embraced explicitly, within the authority granted—an authority not embraced within a power to collect a demand, or to conduct a suit. *Scarborough* v. *Reynolds, supra.*

The appellees have introduced into the bill of exceptions, taken by appellant, various exceptions reserved by them on trial, though verdict and judgment was rendered for them, and have thereon assigned cross errors. We know of no rule of practice, or of law, authorizing such an assignment. In *Leslie* v. *Langham,* 40 Ala. 524, such practice was attempted, but was discountenanced by the court, BYRD, J.

[Sledge v. Swift.]

saying : "The appellees have made an assignment of errors with the consent of appellant. It does not appear that they took any bill of exceptions, and under the law, and the consent endorsed on the record, they have no right to assign errors on the bill taken by the appellant." If the exceptions are well taken, certainly the rulings of the court, however erroneous, worked no injury to the appellees. Cross-assignments of error are only allowable, when the party making the assignment could have supported a separate and distinct appeal. The purpose is to avoid the delay and expense incident to separate appeals, when on one, the whole case can be adjudicated. But when a party in whose favor a judgment is rendered, and from which he cannot appeal, is brought here to hear the errors assigned by his adversary, he cannot ask the court to pass on questions which are practically abstract, if the judgment is affirmed, or, if the judgment is reversed, to anticipate that the rulings of the court he supposes erroneous, will be repeated on another trial, or will arise in the same form. It will be time enough to revise such rulings when they have injured him, and he to be relieved from such injury, appeals to this court.

The judgment is reversed and the cause remanded.

JUDGE, J., not sitting, having been of counsel.