## WORMOUTH and wife *vs.* CRAMER.

THIS was an action of slander, tried at the Herkimer circuit in September, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The defendant it seems uttered the same slander in *English* which his wife published in *German,* (ante, p. 394.) The words, as proved, charged the plaintiff's wife with stealing a cap from one Pomeroy's. After the evidence on the part of the plaintiffs was closed, the defendant offered to prove, in mitigation of damages, that before the speaking of the words a cap and a handkerchief had been lost at Pomeroy's

In an action of *slander* particular facts which might form links in the chain of circumstantial evidence against the plaintiff cannot be received under the general issue in mitigation of damages; and it was accordingly held, that proof that the plaintiff was in possession of the property alleged to have been stolen, and returned it to the owner about the time of the prosecution of another person for the stealing of another article alleged to have been taken at the same time, was inadmissible under the general issue.

tavern; that one Caty Kinsman had been charged and prosecuted for stealing the handkerchief, and that about the time of the prosecution against her and previous to the speaking of the words charged, the plaintiffs sent home to Pomeroy's the cap that had been lost; the counsel for the defendant at the same time admitting that the evidence, if received, would go only in mitigation of damages, and not in justification of the words spoken. This evidence was objected to and rejected. The defendant had pleaded only the general issue; there was no plea or notice of justification. The defendant excepted to the decision of the judge. The jury found for the plaintiffs $150 damages. The cause now came before this court on the exception taken, and a new trial was asked for.

*L.] Ford*, for defendant. The evidence offered ought to have been received to rebut the inference of malice. (7 Cowen, 633. Starkie on Slander, 410.) It was offered only in mitigation of damages, and could not have operated in justification of the defendant.

*M. Hoffman*, for plaintiffs. If the proof offered was calculated to excite a belief that the plaintiff was guilty of the felony it was inadmissible. Its effect would have been the same as if the defendant had undertaken to justify; this he could not do under the *general issue*. (14 Johns. R. 232. 5 Cowen, 499. 7 id. 613. 8 id. 214.)

*By the Court*, MARCY, J. What may be offered in mitigation of damages in actions of slander and for libels, was much considered in the case of *Root* v. *King*, (7 Cowen, 613,) and it seems to be there settled, " that the defendant in such actions, if he has not attempted to justify the charge, may prove under the general issue, by way of excuse, any thing short of a justification which does not necessarily imply the truth of the charge or tend to prove it true, but which repels the presumption of malice." The defendant here offered, with a view to mitigate damages to prove that the plaintiff, Mrs. Wormouth, was in possession of the property alleged

to have been stolen, and that about the time of the prosecution of another person for an article alleged to have been stolen at the same time, she returned it to the owner. Particular facts which might form links in the chain of circumstantial evidence against the plaintiff, cannot be received under the general issue in mitigation of damages. (Starkie on Slander, 410.) The possession of the stolen property which the defendant offered to prove was such a fact, and the judge decided correctly in refusing to receive the evidence.