ARRINGTON *vs.* JONES,

1. A defendant, in slander, cannot, under the general issue, give in evidence the truth of the charge, but must plead it specially.

2. But any facts or circumstances, which will rebut or repel the presumption of malice, are properly admissible under the general issue.

3. And to that end, defendant, by way of excuse, may prove any thing short of a justification, and which does not necessarily involve the truth of the charge, or tend to prove it true.

4. Therefore, where one brought his action against a defendant, for saying that plaintiff had sworn to a lie, on the trial of a certain case:—evidence of what plaintiff did swear, may be given under the general issue, in mitigation of damages,

5. But evidence to shew that what plaintiff swore on the trial was false, is inadmissible, without a plea of justification.

6. And it is immaterial *quo ad* the admissibility of the evidence, whether the charge was perjury, in general terms, or false swearing, in a particular case mentioned,

7. When the truth is given in evidence, it must be under a plea which will require, not only the truth of the charge to be proved : but also which will require that the corrupt intention, be either expressly proved or necessarily inferred, from the circumstances of the case,

Error to Butler Circuit court.

Slander—before *Crenshaw*, J.

This was an action of slander, brought by the plaintiff, against the defendant in error. The words charged to have been spoken are,—" he (meaning the plaintiff) swore to a positive lie in open court, in the case between

Waters and me." The defendant pleaded not guilty—and on the trial of the issue, the plaintiff having proved the speaking of the scandalous words charged in the declaration—the court permitted the defendant, in mitigation of damages, to prove what the plaintiff had sworn to, on the trial of the case of Jones vs. Waters—and that the plaintiff swore on that trial, that there were two roads leading from Jones' house to his plantation, and that he believed that a majority of the people in the neighborhood of Coleman's gin-house, were of opinion that Jones burned said gin-house, or was some way concerned therein. And also permitted the defendant, in mitigation of damages, to prove that there were not two roads leading from Jones' house to his plantation, and that there was but one road; and also that a majority of the people in the neighborhood of the gin-house did not believe that Jones had burned said gin-house.

The admission of this testimony to mitigate the damages, is now assigned for error.

*Bedfod*, for plaintiff in error.
*Cook*, contra.

ORMOND, J.—It has long been considered as the settled law, in actions of this description, that the defendant cannot, under the general issue, give in evidence the truth of the charge, but must plead it specially. The leading case on the subject, is Underwood vs. Parks, (2 Strange, 1200.) The case is thus stated: "In an action for words, the defendant pleaded not guilty, and offered to prove the words to be true, in mitigation of damages,

Arrington *vs.* Jones.

which the Chief Justice refused to permit, saying, that at a meeting of all the judges, upon a case that arose in the common pleas, a large majority of them had determined not to allow it for the future, but that it should be pleaded, whereby the plaintiff might be prepared to defend himself, as well as to prove the speaking of the words—that this was now a general rule amongst them all, which no judge would think himself at liberty to depart from, and that it extended to all sorts of words, and not barely such as imported a charge of felony."

This resolution of all the judges, has been assailed by the counsel for the defendant in error, as being a mere rule of practice, established by the judges in opposition to the ancient common law. But we do not understand, that in the case referred to by the Chief Justice, the judges undertook to change or alter the law, but that in that case, it was determined what the rule of law was, and that what was doubtful before, was thus rendered certain.

It must be conceded, however, that since that day, the rule seems in some degree to have been relaxed, and that evidence has been admitted under the general issue, which does not seem consistent with the rule laid down.

Thus Eyre, Chief Justice, is reported to have said "that in an action for words, the defendant might, in mitigation of damages, give any evidence short of such as would be a complete defence to the action, had a justification been pleaded."

So, also, in an action brought for a libel, Sir James Mansfield permitted evidence, in mitigation of damages, that at the time of the publication, the plaintiff was ge-

nerally suspected to have been guilty of the charge imputed to him in the libel.

In the case of Grant vs. Hoover, (6 Munf. R. 13,) the court held, that in an action of slander, for charging the plaintiff with false swearing in a judicial proceeding, the defendant, on the plea of not guilty, might prove what the plaintiff swore to, in mitigation of damages—though he could not be allowed to prove the falsity of the words, and thus indirectly fix the charge of perjury on the plaintiff.

So, also, in the case of Kennedy vs. Dear, (6 Porter's R. 90,) where the imputation of perjury was in making an affidavit by Dear, as the foundation of a State prosecution against Kennedy, this court held, that the defendant, in mitigation of damages, might prove that the plaintiff himself objected to the use of the word "violent," describing the assault and battery, but took the oath, on the justice assuring him that the affidavit was in the common form. The court say, "all the circumstances attendant on the publication of the words spoken, were matters proper to be left to the consideration of the jury, as from the circumstances, as well as from the words themselves, was the presumption of malice to be raised, or to be rebutted." The court add: "the principle is recognised and admitted, that a defendant cannot shew the truth in mitigation of damages, but any facts or circumstances which will rebut or repel the presumption of malice, are properly admissible under the general issue."

The true rule, as now understood, is laid down by Marcy, justice, in the case of Wormouth vs. Cramer, (3

Wend. 395,) "that the defendant, if he has not attempted to justify the charge, may prove under the general issue, by way of excuse, any thing short of a justification, which does not necessarily imply the truth of the charge, or tend to prove it true, but which repels the presumption of malice"—(See also Root vs. King, 7 Cowen, 613.)

In this case, it appears that on a trial of a former cause, in which the present defendant was plaintiff against one Waters, the present plaintiff was a witness, and swore, among other things, that a majority of the defendant's neighbors believed that he had burned a certain gin-house, or was some way concerned therein. It is impossible to doubt that proof of what the plaintiff swore in this respect, should have been received in mitigation of damages. It was evidence proper to be given to the jury, to determine whether, in accusing the plaintiff of false swearing in this matter, the defendant was not in fact defending his own character, which had been thus assailed by the plaintiff, or whether, in making the charge, he was actuated by malice towards the plaintiff, and merely availed himself of this, as a pretext.

It follows, that there was no error in permitting proof to be made of what the plaintiff swore to, on the trial of the cause in which the perjury is charged, but in permitting the defendant to prove the evidence thus given to be false, there being no plea of justification, the court erred.

It is insisted by the defendant's counsel, that as the charge in this case, was not of *perjury*, in general terms, but of false swearing in a particular case, which was named, that therefore the plaintiff had notice, and might

Arrington *vs.* Jones.

come prepared to prove his testimony to be true. No modern authority has been cited for this distinction, and we are satisfied the distinction does not exist at this day, however it may have formerly been considered.

The law, on this doubtful and intricate subject, would be much simplified, if evidence proving the truth of the charge, when offered in mitigation of damages, could be restricted to those cases, where the words, of themselves, did not show the corrupt intention. But such a rule would, it is believed, be found, in practice, to be impracticable, and it is therefore, doubtless, that the rule has not been relaxed further than has been shewn ; and that when the truth is given in evidence, it must be under a plea which will require not only the truth of the charge to be proved, but also the corrupt intention with which the words were spoken, to be either expressly proved, or necessarily inferred, from the circumstances of the case.

The judgment of the court below is reversed, and the cause remanded for a new trial, in conformity with this opinion.