Blackford, J.
This was an action of slander brought by Miller- against BurJce. The words charged are as follows: “He (the plaintiff meaning) stole my chairs.” Again, “He (the plaintiff meaning) stole my candlestick.” There were other words charged to have been spoken by the defendant, but the suit as to those words having been discontinued by the plaintiff before the trial, it is not necessary to state them. The only plea filed, applicable to the words above set out, is a plea of the statute of limitations.
On the calling of the cause for trial, the defendant asked time to draw an affidavit for a continuance, on account of the absence of witnesses, but the Court overruled the motion.
At the trial, the plaintiff proved by one Sherman that the defendant had said, in presence of the witness and one Fox,. and within the time prescribed by the statute of limitations, that Miller, the plaintiff, had stolen his, the defendant’s, chairs. The plaintiff also introduced Fox as a witness, the same person mentioned by Sherman, who testified that he was present *165 when the defendant made the charge mentioned by Sherman, and that the defendant said the plaintiff had stolen his, the defendant’s chairs; that the witness then told the defendant that that would be a difficult matter to do, and asked him how it was done; that the defendant replied it was done in this way, the plaintiff was working in the defendant’s shop, (the defendant being a chair maker), and while working *there, and in the absence of the defendant and without his knowledge, the plaintiff sold a set of chairs belonging to the defendant, and took a part of the pay in ■money and a note for the balance.
After the plaintiff had' closed his evidence, the defendant offered to prove that all he had said, as proved by Fox, about the plaintiff’s having sold the chairs, &c., was true. But the Court refused to admit the evidence. The defendant also offered to prove that he had found a brass candlestick in the possession of the witness which belonged to the defendant, and which had been left with the witness by the plaintiff, it being the same candlestick which the defendant had charged the plaintiff with stealing. This evidence was also rejected.
Verdict for the plaintiff; motion for a new trial overruled, ■and judgment on the verdict.
Ve think the Court did right in not admitting evidence of the truth of the defendant’s statement about the sale of the ■chairs by the plaintiff. The statement was represented by the witness to have been a part of a dialogue in which the words set out in the declaration were spoken, and to have been in explanation of the words so set out. This statement, if made, so qualified the words for which the suit was brought, as to deprive them of their actionable character. It showed that the defendant had only charged the plaintiff with a breach of trust, and not with an indictable offense. It was therefore important to inquire, whether the explanatory statement had been made at the time by the defendant; but not whether that statement was true or false: its truth or falsity had nothing to do with the case, and the testimony offered on the subject was ■objectionable on the ground of irrelevancy.
*166 The defendant contends, that when words not charged in the declaration are proved, their truth may be proved under the general issue. That doctrine is no doubt correct, where the proof of such Avords tends to suppoi’t the' suit by showing the defendant’s malice in making the charge laid in the declaration. But this is not such a case. Here the words in question, the truth of which the defendant Avished to prove, tended not to support but directly to defeat the action.
We are also of opinion, that the evidence offered by the defendant respecting his finding the candlestick with the witness, &c., Avas not admissible. This evidence can only be *considered as tending in some degree to shoAV that the plaintiff had stolen the candlestick. It would, of itself, be entirely insufficient to prove that fact; but it might be material as connected with other testimony, such as that the candlestick had been actually stolen by some one, &e., to establish the truth of the charge in question. Had there been a plea, therefore, justifying the charge as true, the evidence in question might have been received as tending to defeat the suit; but there being no such plea, the evidence was, for that purpose, inadmissible. Underwood v. Parks, 2 Strange, 1200. It was also inadmissible in mitigation of damages. The defendant may, under the general issue, prove the plaintiff’s general character to be bad, in mitigation of damages; but he can not under that issue prove in mitigation of damages, any more than he can prove in bar of the suit, the existence of particular facts tending to show the plaintiff’s guilt. To authorize the proof of such facts, the plaintiff must hgve notice, by a plea of justification, of the intention to prove them. Waithman v. Weaver et al., Dowl. & Ryland’s N. P. Rep., 10.(1)
We see no error in the refusal of the Court to give the defendant time to draw an affidavit for a continuance. The circumstances under AAdiich the refusal took place, which are set out in a bill of exceptions, show that the defendant could not claim the time asked for as a matter of right.
C. B. Smith, for the plaintiff.
S. W. Parker, and C. II. Test, for the defendant.
As the evidence is not set out in the record, we must presume that is was sufficient to support the verdict.
Per Curiam.—The judgment is affirmed with costs.

 Vide Sanders v. Johnson, ante, p. 50, and note.