# SCOTT v. McKINNISH AND WIFE.

1. In an action of slander, exculpatory declarations, made by the defendant, subsequently to the speaking of the actionable words, are not admissible in evidence.

2. In an action of slander, common report of the truth of the fact, which the slanderous words assert, is not admissible in mitigation of damages.

3. In an action of slander, it is not necessary to prove the identical words charged, but proof of words substantially the same is sufficient.

4. Where a declaration, in an action of slander, charged the utterance of the words, "McK's wife is a whore," it is sufficiently supported by proof of the words, "she (McK's wife) is a whorish bitch."

5. As a general rule, the reputation of a female plaintiff, for chastity, may be assailed, in an action of slander, for words charging a want of it, to reduce the damages, but it is not permissible to direct such proof exclusively to her reputation in that respect, subsequent to the speaking of the slanderous words.

6. Under the plea of not guilty, in an action of slander, the defendant may prove, in mitigation of damages, any thing short of a justification, which does not necessarily imply, or tend to prove the truth of the words charged, but he cannot be permitted to prove facts and circumstances, which conduce to establish their truth, or which form a link in the evidence to make out a justification.

7. A repetition of the words, charged in a declaration in slander, to have been spoken by the defendant, or other actionable words uttered by him, in reference to the plaintiff, after the institution of the suit, are admissible in evidence, as tending to show *quo animo* the words charged were spoken: but where such evidence is admitted, the jury should be instructed, that it is admitted for that purpose alone, and that they are not to give damages for other, than the words charged in the declaration.

8. It is not necessary in an action of slander, that the plaintiff should prove the speaking by the defendant of all the words charged, to entitle him to recover: Proof of a part of them, if actionable of themselves, is all that is required.

Error to the Circuit Court of Cherokee. Before the Hon. Sidney C. Posey.

THIS was an action of slander, instituted by defendants against plaintiff in error. A sufficient notice of the first count in the declaration, and the evidence adduced under it,

will be found in the opinion of the court. The second count
charges the speaking of the words, " McKinnish's wife has
been counted a whore :" " is a whore." Plea, not guilty.
The words proved as applicable to the second count are, " she
is a whorish bitch." The defendant below objected to this
proof, but the court overruled his objection. Plaintiffs prov-
ed by another witness, words substantially the same as those
charged in the first count, with the addition, " they want to
law twenty negroes out of me," &c.: which testimony was
objected to by defendant, and the objection overruled. De-
fendant offered to prove, 1st. That in a subsequent conver-
sation with the witnesses who proved the words of the first
count, he stated that he had heard these things, and men-
tioned the name of the person from whom he heard them. 2d.
A general report, in the neighborhood, before the utterance
of the slanderous words, that Mrs. McKinnish was guilty in
the matter charged. 3d. The general character of Mrs. Mc-
Kinnish, for chastity, since the speaking of the words. 4th.
Facts tending to show that the words spoken were true. The
court ruled out each, and all of this testimony.

The court charged the jury, that proof of the utterance of
the words. " a damned whorish bitch," was sufficient to sup-
port the allegation in the second count; to which charge de-
fendant excepted.

The several rulings of the court, above set out, and its
charge to the jury, are now assigned as error.

L. E. PARSONS and J. B. MARTIN, for plaintiff.
WOODWARD, for the defendants.

COLLIER, C. J.—The testimony of the first witness
proved, *substantially*, one of the charges which the declara-
tion alleges, in very obscene terms, was made by the defend-
ant against the female plaintiff, and the court properly refus-
ed to reject it at the defendants instance. Perhaps the plain-
tiffs might have objected to the rejection by the court *mero
motu*, of a part of this evidence on the ground that the lan-
guage was too indecent to be used; but this seems to have
been acquiesced in by both parties.

It was clearly incompetent for the defendant to show on

the cross-examination of the plaintiff's witnesses, or otherwise, that the defendant, subsequent to the speaking of the words charged, stated that he heard them from another person, whose name he proposed to state. Such testimony would not be the disclosure of declarations which constituted a part of the *res gesta*, but would be to permit a party to exculpate himself by his own *post factum*, statements. Declarations under such circumstances, are inadmissible, both upon principle and authority.

Evidence cannot be received of common report, as to the truth of slanderous words, which the defendant has spoken against the plaintiff, for the purpose of diminishing the damages. A party must find some more substantial apology for injurious imputations against the character of another, than mere idle rumor : it can afford him no aid, and should not be regarded by a jury as worthy of consideration. Kennedy v. Gifford, 19 Wendell's Rep. 296 ; Lewis v. Niles, 1 Root's Rep. 346 ; Austin v. Hanchett, 2 Root's Rep. 148 ; Mapes v. Weeks, 4 Wend. Rep. 659 ; Anthony v. Stephens, 1·Missouri Rep. 254 ; Inman v. Foster, 8 Wend. Rep. 602 ; Cole v. Perry, 8 Cow. Rep. 214 ; Kellogg v. Cary, 3 Penn. Rep. 102 ; Smith v. Buckecker, 4 Rawles' Rep. 295 ; Young v. Bennett, 4 Scam. Rep. 43.

The defendant is charged to have said of the female plaintiff (among other things,) that she "has been counted a whore," "is a whore," &c., and the proof applicable to this charge is, "she is a whorish bitch." *Whore* is the synonym for *a prostitute*, or *a lewd, or incontinent woman ; whorish*, means lewd, unchaste, *incontinent*, &c.; and *bitch*, as applied to a woman, is a name of reproach. There is then, if the meaning of the words is to be considered, no material discrepancy between the allegation and the proof. The plaintiff, in the action of slander, cannot recover by proving words, which the witness may regard as equivalent to those he heard the defendant utter ; but the witness must state the language that was employed, according to his recollection, so that it may appear to the court whether the cause alleged, is supported. But it is not indispensable that the identical words charged should be proved ; it is sufficient to show that the defendant spoke words, *substantially* the same as those stated

in the declaration. Teague v. Williams, 7 Ala. Rep. 844; Easley v. Moss, 9 Ala. 266, does not lay down a different doctrine ; but the principle attempted to be extracted, is incorrectly stated in the syllabus of the case ; see also Douge v. Pearce, 12 Ala. Rep. 127 ; Tipton v. Kahle, 3 Watts' R. 93 ; Hersh v. Ringwalt, 3 Yeates' R. 508 ; Pursell v. Archer, Peck's Rep. 317 ; Miller v. Miller, 8 John. R. 74 ; Cooper v. Marlow, 3 Missouri Rep. 188 ; Cheadle v. Buel, 6 Ham. Rep. 67 ; Barr v. Gaines, 3 Dana's R. 258 ; Treat v. Browning, 4 Conn. Rep. 408. The words alleged, and those proved, are certainly *substantially* the same. Clay's Dig. 538 § 1.

It is certainly allowable for the defendant, in an action of this kind, to assail the plaintiff's reputation for the purpose of reducing the damages, but the inquiry upon this point should not be so extended as to prove the plaintiff's general character has been bad since the speaking of the slanderous words imputed to the defendant. The tendency of an imputation against the chastity of a female, if credited, is greatly to impair her moral standing, and to cast a stain upon her character, and if the party who had charged her with incontinence, were allowed to extend the examination to a time subsequent to uttering the words, he might and most probably would profit by the injury he had inflicted. Hence the court very properly refused to permit the defendant to inquire what was the character of Mrs. McKinnish for chastity after he had imputed to her the want of it.

The fact that Mrs. S. saw her husband and Mrs. McKinnish go to a field together—followed and found them near each other, and drove her husband off by "throwing lightwood knots" at him, we think was not admissible under the plea of not guilty. They tended to establish the truth of some of the most offensive words, alledged to have been spoken, and though they might have had an influence upon the jury in adjusting the damages, they were properly rejected. In Warmouth, v. Cramer, 3 Wend. Rep. 394, it was said, that the defendant, if he had not attempted to justify the charge, may prove under the general issue by way of excuse, any thing short of a justification, which does not necessarily imply the truth of the charge, or tend to prove it true, but which repels the presumption of malice. So in Purple v.

Horton, 13 Wend. Rep. 9, the court refused to permit the defendant to prove in mitigation of damages, facts and circumstances which induced him to believe that the charges which he made were true, where such facts and circumstances tended to prove the charges, or formed a link in the chain of evidence to establish a justification. See Arrington v. Jones, 9 Port. Rep. 139 : Root v. King, 7 Cow. Rep. 613 ; Lamos v. Snell, 6 N. Hamp. Rep. 413 ; Sawyer v. Eifert, 2 Nott & McC. Rep. 511 ; Beehler v. Steever, 2 Whart. Rep. 313 ; Burke v. Miller, 6 Blackf. Rep. 155.

As to the testimony of the last witness examined by the plaintiff, he merely proved the speaking of the words which the first witness narrated with some unimportant additions, and perhaps more precision. But the discrepancy is not so great as to leave room to doubt, that both witnesses referred to the same slanderous imputations, though made at different times. In this view, there is no objection to the testimony of the last witness, and its admission is well warranted by the declaration, which charges the speaking of the words in different forms of expression.

But may not the admissibility of this evidence be defended, upon the ground that it is allowable to show *quo animo* the slanderous words were uttered ? The plaintiff may give in evidence, *actionable words* spoken after the institution of the suit, to show the defendant was influenced by malice in speaking those charged in the declaration. Wallace v. Mease, 3 Binn. Rep. 550; Kean v. McLaughlin, 2 Serg. & R. Rep. 469. So a repetition of the words charged may be proved for the same purpose. McAlmont v. McClelland, 14 Sergt. & R. Rep. 359 ; Williams v. Harrison, 3 Missouri Rep. 411 ; Bodwell v. Swan, 3 Pick. Rep. 376. So he may prove the speaking of other *actionable words*, even before action brought, for the purpose of showing the malicious intent. Duvall v. Griffith, 2 Har. & Gill R. 30 ; Howell v. Cheatem, Cooke's Rep. 247 ; Randall v. Holsenbake 3 Hill's Rep. (So. Ca.) 175; Burke v. Miller, 6 Blackf. Rep. 155. See also Teague v. Williams, 7 Ala. Rep. 844, in which the authorities on the point are collected. But where such words are given in evidence, the jury should be instructed that they are admitted only to show the mind and intent of the defendant when he

spoke the words which are the cause of action; and they should give no damages for any words but those in the declaration.

It is not necessary to entitle the plaintiff to recover, that he should prove the speaking of all the words alledged, if he proves some of them which are actionable without reference to the others, it is quite sufficient. Foster v. Small, 3 Whar. Rep. 138; Scott v. Renforth, Wright's Rep. 55; McKee v. Ingalls, 4 Scam. Rep. 30; Nichols v. Hayes, 13 Conn. Rep. 155; Nestle v. VanSlyck, 2 Hill's Rep. (N. Y.) 282; Chandler v. Holloway, 4 Port. Rep. 17.

This view disposes of all the points presented by the bill of exceptions, and the judgment is consequently affirmed.