JAMES L. VAN INGEN v. R. S. & O. E. NEWTON.

Under sections 124 and 125 of the code of practice, the defendant, in an action for a libel, may set up in his answer the defense of justification, or allege facts tending to mitigate the injury complained of, or may set up both at the same time.

SPECIAL TERM.—Motion to strike from the answer certain allegations of fact stated in justification and mitigation, in an action for libel.

The facts are sufficiently stated in the decision.

*Charles Fox*, for plaintiff.

*Nicholas Headington*, for defendant.

STORER, J. The plaintiff sets out in his petition, that he was called upon and sworn to testify in this court, as a witness, in an action brought against the defendants for malpractice as surgeons; that he was examined and gave his opinion as a medical man, as to the nature of the injury said to have been afflicted, and the proper mode of treatment. After the case was decided, it is alleged that the defendants caused to be published in a medical journal, of which they were proprietors and publishers, the following false and libelous matter, viz:

" Doctor James L. Van Ingen intruded himself as a witness or expert; but he exhibited such a marked ignorance of surgery and surgical science, that his contradictory testimony is dispensed with: he, evidently, having had a purpose to subserve by testifying in the case."

The proper inuendoes and averments are made to connect the plaintiff with the libelous matter, and the petition is, in other respects, sufficiently particular and technical.

The defendants answer, admitting the publication was made, though without their knowledge, in the journal referred to, and that they were and are its proprietors and publishers. They then set forth certain facts, which they aver took place at the time when the plaintiff was examined as a witness, as well as the statements of the plaintiff to third persons, tending, as they allege, to give a character to the plaintiff's testimony, and show the manner in which he was introduced as a witness, and the purpose he had in view. These facts are minutely detailed, and need not now be particularly referred to.

The plaintiff now moves the court to strike from the answer so much of the averment as contains these facts, on the following grounds:

First: Because the defendants have not admitted the publication of the matter alleged to be libelous, and can not,

therefore, allege any matter by way of excuse or exculpation.

Second· That they have not justified the publication, and can not be permitted to set up as a defense, in whole or in part, any mitigating circumstances.

Third: That nothing can be set up, as a defense in this action, by answer, which is not a fit matter for denial by replication; and as the truth or falsity of the facts set forth in the defendants' answer can not be traversed by plea, and issue taken upon them, they ought not to be permitted to remain on the record.

The first objection, we think, may readily be disposed of. Where a defendant fails to answer, judgment by default is the necessary consequence; and there can 'be no difference in the application of the rule, whether the answer is not filed at all, or, if filed, a part only of the plaintiff's cause of action is denied. Whatever is not distinctly traversed by the answer we must hold to be admitted; and, in the present case, there can be no doubt that, until the defendant establishes his defense, the plaintiff is not required to introduce testimony, every material averment in his petition being admitted. There is, in addition to the want of a denial, an express admission that the libelous matter was published in the defendants' journal; and although it was inserted by the editor, without the publishers' immediate knowledge, their liability for the publication is the same as if they were the authors of the article printed.

He who has the control of a press is supposed, by the law, to control the editor of the journal also, so far at least, as to be responsible for his personal attack. The excuse of ignorance, on the part of the publisher, of what is done, can not avail to justify, though it may sometimes mitigate the injury. For all practical purposes, then, there need be no fuller admission by the defendant than has been made.

The second objection involves the construction of sections 124 and 125 of the code. " In an action for a libel or slander, it shall be sufficient to state generally that the defamatory

matter was published or spoken of the plaintiff; and if the *allegation be denied*, the plaintiff must prove, on the trial, the facts showing that the defamatory matter was published or spoken of him." " In the actions mentioned in the last section, the defendant may allege the truth of the matter charged as defamatory, and may prove the same, and any mitigating circumstances, to reduce the amount of damages, or he may prove either;" Swan, 640.

These sections have changed, in several important particulars, the former rule of pleading in actions like this. They dispense with much of the formal averment which we find in declarations for libel and slander, before the code; and as the object of the new system of pleading is to save the substance from being lost in technicality, we must suppose the only true rule to be applied here is that, which, while it protects the parties litigant from surprise, and requires the direct charge to be stated so clearly that the language can admit of no doubtful meaning, compels both to exclude from their pleadings all unnecessary averments, thus producing an apt, yet brief statement of the case, which is the evidence of its clear apprehension by the pleader.

The New York Code, upon this subject, is very similar to our own. Section 165 is nearly identical with section 125 of our practice, the only distinction between them being the addition at the close, "whether he prove the justification or not; he may give in evidence the mitigating circumstances." This language, though somewhat different from our code, is nevertheless essentially equivalent to that which our legislature have used, and will justify a similar construction.

Before the enactment of their code, the courts of New York had held that evidence of particular facts could not be received, under the general issue, to mitigate damages, nor yet evidence tending to prove the truth of the charge; 3 Wend. 395, *Wormouth and wife* v. *Cramer;* 8 Wend. 573, *Gilman* v. *Lowell;* 13 Wend. 9, *Purple* v. *Horton;* though it is held that such evidence was proper to show that the defendant did not act maliciously or wantonly; 8 Wend. 582, *Gilman*

v. *Lowell;* 7 Cowen, 633, *Root* v. *King.* So also, any confidential communication on matters of public or private business, although they might affect the character or credit of the plaintiff, were permitted under the same plea; 21 Wend. 319, *Howard* v. *Thompson;* 23 Wend. 28, *O'Donoghue* v. *McGovern.*

The rule in Ohio, prior to the present law, may be found in 3 Ohio, 270, *Wilson* v. *Apple,* where it is said: "There is a difference between a justification and an excuse; the one goes to the right of recovery, the other to the amount to be recovered. For the purpose of showing malice, the plaintiff may prove the speaking of words not charged, if they be not actionable; and, with a view of extenuating malice, the defendant may prove, under the general issue, any circumstance connected with the transaction, tending to show that he had probable ground for believing the truth of the words. In estimating the damage, the degree of malice is always to be considered. Any circumstance, therefore, tending to show that the defendant spoke the words under a mistake, or that he had some reason to believe they were true, is entitled to consideration, and is proper evidence to be received in mitigation."

If, then, it was permitted, both in New York and Ohio, for the defendant to prove facts and circumstances to show there was no malicious intent, without pleading them specially, before the codes of either States were enacted, let us inquire if the same rule can now obtain?

It is very clear we have in practice no plea that meets the idea of the general issue, under the former system. The answer now is, either a general or special denial of the petition, with the addition of any facts, which, admitting the cause of action once existed, show that it is discharged, or no longer legally exists. This is certainly the mode in which the pleadings should be made up in actions upon contracts, when the court act upon the intentions and agreements of the parties, as they appear in evidence; and we can not perceive why it should not be pursued in actions

James L. Van Ingen *v.* R. S. Newton, et al.

like the present. Whatever tends to rebut malicious motive, reduces the amount of the plaintiff's damages, and the facts tending to such a purpose, are as fully the subjects for consideration, as those which are relied on to lessen the amount of a recovery upon a note or a bond.

A fair construction of section 125 of the code, upon the principles we have indicated, it seems to us, gives the right to the defendant either to justify the truth of the facts, or to admit their publication, and show the special circumstance under which the publication was made. It must follow, then, that the answer may well contain such facts and circumstances, without any offense to the spirit or letter even of the section referred to.

There could be no doubt of this construction, had not the New York courts at one time held to a different view; and yet even while some of their judges clung to it, with much tenacity, others wavered in their opinions, modified the decisions of their brethren, and doubted their soundness, until the question is now settled by the court of appeals, as it was evidently the intention of the code it should have been; 1 Kernan, 347, *Bush* v. *Prosser.* This case affirmed the ruling of the Supreme Court between the same parties where, in 13 Barbour, 225, it was decided, "A party may allege both the truth and mitigating circumstances, but he is not required to allege the former in order to be entitled to present the latter. Such is the fair spirit of the provision;" and yet, in 4 Sandf. S. C. 664, *Meyer* v. *Schultz;* 5 Sandf. 60, *Fry* v. *Bennett;* 1 Code Rep. N. S. 181, *Graham* v. *Stone;* 4 Sandf. S. C. 669, *Newman* v. *Otto,* it is said "mitigating circumstances, if pleaded alone, would be struck out as frivolous."

We could not assent to the conclusions of the court in these latter cases, if they had not been overruled; but we are saved the necessity, and may well dismiss them without further examination.

The last objection, that there can be no traverse of the facts alleged in the answer, by replication, does not present

to our mind any serious difficulty. Even under our former system of pleading, the defendant, in every action except ejectment, was permitted to plead the general issue, and annex his written notice, in which every defense might be embodied, that was properly the subject of plea; and yet, there was no mode in which they could be traversed. The party setting up the facts was always compelled to prove them; though if he had filed his plea, instead of the notice, the plaintiff must have replied before the burden of proof could be thrown upon the defendants. In the case before us, it is true, the defendants have tendered, strictly speaking, no issue to the plaintiff; but they have notified him of their intention to prove the facts they have set forth in their answer, and they must prove them, without any denial being first made by the plaintiff, who is thus made aware of the defendants' intention, and all surprise on the trial is avoided. Certainly, this enumeration of the facts beforehand, places the plaintiff in a much better condition than he would occupy by the old practice, where, under the general issue, he could have given them in evidence, without intimating to his antagonists what he might expect to be proved.

We can, therefore, see no impropriety in allowing a defendant to set forth the facts and circumstances, in his answer, upon which he relies to explain the occasion and purpose which induced the publication. There may be, under the construction we have thus given, allegations found in the pleadings that are not pertinent to the case; but the proper time to consider such a question, in our judgment, is, when the evidence is offered on the trial. The judge, then, when the whole case is presented, can best determine the propriety of admitting it.

Motion overruled.